**Tomasa HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41589.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Clyde W. Woody, Marian S. Rosen, John P. Farra, Houston, for appellant.

R. A. Bassett, Dist. Atty., R. A. Stalling, County Atty., Richmond, James C. Brough and Frederick M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant was jointly indicted with Eulogio Garza and Simon Dominguez for the unlawful possession of a narcotic drug, to-wit, heroin.

Severance was granted and appellant was tried before a jury on a plea of not guilty. The jury having returned a verdict finding appellant guilty, the court assessed her punishment at 20 years.

Eight grounds of error are set forth in appellant's brief, one of which (ground No. 6) complains that the evidence is not sufficient to sustain the jury's verdict.

The state's evidence reflects that on April 29, 1966, about 8:30 A.M. to 8:45 A.M., Houston Narcotics Officer Kenneth R. Dunlap received information by telephone from a person he had known for a year and who had on at least three occasions given him information about heroin and people possessing it that turned out to be true, said person being at McAllen.

The informer told Officer Dunlap that Eulogio Garza and Tomasa Hernandez, and another Latin American male whose name he did not know, had left McAllen with a load of heroin, and gave the officer the license number and the description of the car he said they would be driving on Highway 59.

Officer Dunlap, who was acquainted with appellant and Garza, called Department of Public Safety Narcotics Agent Darrell Moore and advised him that some people were leaving McAllen and would be en route to Houston in a 1962 two-door red Chevrolet and would have narcotics in their possession.

Dunlap and Farrar, Houston Narcotics officers and Officer Moore proceeded from Houston toward McAllen on Highway 59.

Moore expressed the belief that there was not enough time to get a search warrant. He communicated by radio and advised that all Highway Patrol Units on U. S. Highway 59 be contacted and told to be on the lookout for the particular car.

Highway Patrolman Ward advised by radio that he had the wanted car under surveillance about six miles East of Rosenberg. Seven minutes later Officers Moore and Dunlap met Officer Ward, who was following the car in which appellant was riding, and advised Officer Ward to stop the car which he did in the City of Rosenberg.

Appellant and her co-indictees, who were the occupants of the car, were placed under arrest and co-indictee Eulogio Garza gave the officers permission to search the car.

A preliminary search for narcotics was fruitless.

The car was then moved from near a shopping center where a crowd was forming to a service station belonging to Alvin Ohl, where Officer Moore, aided by Alvin Ohl, found a package of heroin in the arm rest of the vehicle.

Ohl testified that as he came out of the rest room appellant asked him to go around inside and remove a package out of the arm rest of her car and hide it, and mentioned $1000 as the price if he would do so, and that he found the package in the car where she indicated and pointed it out to the officer.

The package was shown to contain 60 cellophane packages of a brown powder which powder was tested and found to be heroin, sufficient in amount to make 5200 typical "5% capsules" of heroin.

■   The contention that the evidence is insufficient to sustain the jury's verdict is overruled.

Ground of error No. 1 complains that the heroin was seized in violation of the rights of appellant to be free from unlawful searches and seizures and other rights guaranteed to her by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and Article 1, Sections 9, 10, 15 and 19 of the Constitution of Texas, Vernon's Ann.St.

■   We overrule the contention that under the facts stated the heroin was unlawfully seized or obtained as the result of an illegal search. Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494; Houston v. State, Tex.Cr.App., 428 S.W.2d 353; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270; and Price v. State, Tex.Cr.App., 410 S.W.2d 778, sustain our conclusion that the officers had probable cause to search the automobile without a warrant.

■   Ground of error No. 2 complains that the state was allowed to utilize the statement of appellant's co-indictee Garza, made during the time he was held in custody as a suspect, giving his consent to the search of the automobile.

Appellant's brief points out that the court ruled such consent was valid as to Garza but not to his co-indictees.

The arrest was not illegal. Weeks v. State, supra. Ground of error No. 2 is overruled.

■   Ground of error No. 3 relates to the refusal of the court to require that the name of the informer be disclosed at the pre-trial hearing on motion to suppress. This ground of error is overruled. Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

■   Ground of error No. 4 complains that the court erred in allowing any testimony before the jury on the issue of probable cause.

The record reflects hearsay evidence relating to the communication between the officers, admissible on the issue of probable cause only, was excluded in the trial before the jury.

Ground of error No. 4 is overruled.

The 5th ground of error complains that the court erred in allowing state's witness Ohl to testify on the trial contrary to his testimony on the pre-trial hearing.

At the hearing on her motion to suppress, the defendant called Mr. Ohl as a witness.

The record reflects that the prosecution as well as the defense counsel was surprised the day of the trial to learn of the statement made by appellant to Ohl wherein she requested that he get a package out of the arm rest and hide it, for which service he would be paid $1000.

The claim that such evidence was suppressed or withheld from the appellant is not sustained by the record. The court did not err in permitting the witness Ohl to testify before the jury that appellant made such statement.

The remaining grounds of error are without merit and are overruled.

The judgment is affirmed.