**L. C. WASHINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43053.**

Court of Criminal Appeals of Texas.

July 22, 1970.

Alvin G. Khoury, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is unlawful sale of marihuana; the punishment, 20 years.

Three grounds of error are set forth in appellant's brief filed in the trial court.

Ground one presents the contention that the provisions of Art. 42.12 Vernon's Ann. C.C.P., as applied to appellant, denied him equal protection of the law in contravention of the 14th Amendment to the United States Constitution in that said statute provides that persons charged with crime who have a prior felony conviction have one way to receive probation, that is, at the hands of the judge but not the jury. On the other hand, said statute specifically grants persons charged with crime who have no prior felony conviction the right to apply for probation from two sources— either the judge or the jury.

Appellant's punishment was assessed at 20 years. The statute authorizes probation only where the punishment does not exceed 10 years.

No motion for probation was filed by appellant and by his failure to elect to have the jury assess the punishment it was assessed by the court.

The portion of Art. 42.12, supra, relating to probation upon recommendation of the jury provides, in part:

"In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict."

Under the terms of Sec. 3a of said Art. 42.12, V.A.C.C.P., nothing in such statute limits the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant.

We find no merit in appellant's contention that there is no rational basis for limiting compulsory probation upon recommendation of the jury to those who are eligible and file sworn motion before the trial begins and show by such sworn motion and proof and obtain a finding by the jury in their verdict that the defendant has never before been convicted of a felony in this state or any other state.

Ground of error No. 1 is overruled.

Appellant next presents the contention that there was an infringement of his constitutional rights and privileges by the court's failure to require the state to disclose the name of its informer as such action denied his right to be confronted by his accuser and to subject said informer to cross-examination.

There is no contention that the informer's testimony would have been relevant or helpful to his defense.

Appellant concedes that the case law on this ground of error is against his contention. Hernandez v. State, Tex.Cr.App., 435 S.W.2d 520; Bosley v. State, Tex.Cr. App., 414 S.W.2d 468; McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

Ground of error No. 2 is overruled.

The remaining ground of error complains that the state suppressed during the trial information which had a material relation to the question of guilt or innocence of appellant and which would have created a reasonable doubt of his guilt.

The question to be decided, according to appellant's brief, is whether the state was required to introduce into evidence vehicle registration papers, the effect of which would have been to contradict the testimony of State's Witness C. M. Padgett.

Officer Padgett spent 15 or 20 minutes in the company of appellant on the night in question and positively identified him in the court room. Asked by appellant's counsel if he got the license number of the

automobile appellant was in, he answered that he did. No request was made for the license number.

The record does not sustain the contention that evidence was suppressed by the state.

The judgment is affirmed.