Robert Allen DURHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 43436.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied June 2, 1971.

Emmett Colvin, Jr., Kerry P. FitzGerald, Dallas, Texas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland,

Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The jury, after appellant entered a plea of guilty, assessed the punishment at eight years.

The record reflects that an undercover agent purchased a "baggie" of manicured marihuana, enough to make 25 or 30 cigarettes, from the appellant, who at the time said that he would have pounds or kilos of marihuana later if the agent was interested.

When a defendant enters a plea of guilty before a jury all of the elements of the offense are admitted. Proof is offered so that the jury may have evidence solely for the purpose of assessing punishment. Darden v. State, Tex.Cr.App., 430 S.W.2d 494, and cases there cited. With this rule in mind, appellant's contentions will be discussed.

In the first ground of error complaint is made because the trial court would not require officers who were reputation witnesses to divulge the names of the people with whom the officers had talked about appellant's reputation.

The witnesses testified that appellant's reputation as a peaceable law-abiding citizen had been discussed with officers and civilians. The witnesses did not wish to name them.

Appellant contends that the names of the informers should have been given because the issue was not on probable cause but upon the trial on its merits. He relies upon McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, where the Supreme Court, quoting from State v. Bur-

nett, 42 N.J. 377, 201 A.2d 39, included the following:

> "We must remember also that we are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society's need for the informer privilege."

The Supreme Court also stated in Mc-Cray that it "[h]as consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest * * *."

This Court has held that the name of an informer did not have to be disclosed where the informer was not present at the time of the arrest or a participant in the offense or was not shown to have been present at the time or to have been a material witness as to whether the defendant committed the act charged. Washington v. State, Tex.Cr.App., 456 S.W.2d 907; Hernandez v. State, Tex.Cr.App., 435 S.W.2d 520; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

In the present case guilt was not an issue because it was established by the plea after proper admonishment before the jury and the reasons for naming an informant are not present. No reversible error has been shown. The first ground of error is overruled.

In the second ground of error appellant contends that reversible error was committed when the court would not permit him to make an offer of proof under Article 40.09, Section 6(d) (1), V.A.C.C.P., that the questions asked the reputation witnesses were "based upon an illegal search."

When an accused pleads guilty he waives his constitutional right against an unreasonable search and constitutional due process. Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Fierro v. State, Tex.Cr. App., 437 S.W.2d 833. We also hold that a defendant upon a plea of guilty waives

his rights, if any, to complain about a search not involved in the case on trial and that a collateral search under the circumstances of this case cannot be used for impeachment purposes. The court did not err in refusing the offer of proof. The second ground of error is overruled.

It is contended in the third ground of error that the court erred in permitting a witness to testify that appellant's reputation as a peaceable law-abiding citizen was bad because the witness had never discussed such reputation with anyone.

Sam Roberts testified that he was a special agent for the Federal Bureau of Narcotics and Dangerous Drugs and was a supervisor of the Chicago office and that he had known the appellant since 1967. He testified that he had discussed appellant's reputation with police officers and civilians.

On cross-examination, he testified that the civilians were confidential informants and that the word reputation was not used in his conversation with others about the appellant.

Outside the presence of the jury on voir dire examination by counsel for the appellant, the witness Roberts testified:

"He [appellant] was messing around with dangerous drugs, pills and in addition to that he was also in close association with another individual in the Grand Prairie area who we have a file on and who is known to deal in marihuana and that both of them were using marihuana and that this particular Defendant was also supplying some pills to some of the people in the Grand Prairie area."

The witness also testified:

"It was to acts on his part related to the dangerous drugs and the marihuana and the information related to me was that he was messing around with them."

■ There was a sufficient showing in the record for the trial court to conclude that the witness Roberts had heard appellant's reputation discussed, and the court did not err in permitting Officer Roberts to testify that appellant's reputation was bad. The third ground of error is overruled.

■ Complaint is made in the fourth ground of error that the court permitted the State to prove extraneous offenses after the appellant had entered a plea of guilty and when intent was not in issue.

The appellant on direct examination testified that he made the sale to the agent and that he had possessed marihuana previously. He also testified that a friend had left him a total of four bags of marihuana and he had tried it or smoked it only once. To support his application for probation, he testified that he had learned something from this experience and had changed his mind about marihuana.

He was asked by the prosecutor how many times he had seen Agent Stanton. He answered once but did not know the exact date. He also answered on cross-examination that the Grand Prairie police had the other three bags of marihuana.

The record shows that the prosecutor asked proper questions in cross-examining the appellant on testimony that he had given. No error is shown. The fourth ground of error is overruled.

The contention raised in the fifth ground of error that Article 725b, V.A.P.C., is unconstitutional because it classifies marihuana as a narcotic drug is overruled as it has been in Reyna v. State, Tex.Cr.App., 434 S.W.2d 362, and other cases.

No reversible error has been shown. The judgment is affirmed.