Valentin BASALDUA, Appellant,

v.

The STATE of Texas, Appellee.

No. 44580.

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Cox & Hurt by Joe L. Cox, Plainview, for appellant.

Tom Hamilton, Dist. Atty., Plainview, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

The appeal arises out of a conviction for sale of marihuana where the punishment was assessed by the jury at 50 years.

Initially, appellant contends the court erred in permitting testimony as to matters "other than the prior criminal record of the appellant and his general reputation and his character as provided by Article 37.07, Sec. Three (a)."

Appellant first entered a plea of not guilty before the jury. The State then offered evidence that an undercover agent purchased approximately 758 grams of marihuana from the appellant for $200.00. After such proof and after the court indicated it felt that certain extraneous offenses would be admissible, the appellant withdrew his earlier plea and entered a plea of guilty before the same jury after he had been duly admonished by the court as to the consequences of his plea.

Thus, what had commenced as a bifurcated trial concluded as a unitary trial with the court instructing the jury to find the appellant guilty upon his plea of guilty and to assess his punishment.

After appellant had entered his plea of guilty the undercover agent to whom the alleged sale of marihuana was made was recalled as a witness by the State. He was then asked, over objection, to describe how a marihuana cigarette is made or rolled, and how many cigarettes could be normally made from one gram of marihuana. He answered both questions. On cross examination the appellant then for the first time had him explain to the jury the process by which marihuana is refined.

Thereafter appellant's "prior criminal record" which included a previous conviction for possession of marihuana was of-fered without objection. Appellant complains on appeal only of the questions asked the undercover agent after he was recalled.

Collier v. State, 167 Tex.Cr.R. 534, 321 S.W.2d 584 (1959) has been decided adversely to appellant's contention. The appellant recognizes *Collier* but contends it is inapplicable since it was decided in 1959 prior to the adoption of the bifurcated trial system by the 1965 Code of Criminal Procedure. We do not agree. Some explication is perhaps in order.

Darden v. State, 430 S.W.2d 494 (Tex. Cr.App.1968) stated a well settled rule concerning guilty pleas before a jury applicable under both the former code and said 1965 code. There the court wrote

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. (cases cited omitted)"

See also Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968); Fierro v. State, 437 S.W.2d 833 (Tex.Cr.App.1969); Griggs v. State, 451 S.W.2d 481 (Tex.Cr.App.1970); Graham v. State, 466 S.W.2d 587 (Tex.Cr. App.1971); Durham v. State, 466 S.W.2d 758 (Tex.Cr.App.1971); Andrade v. State, 470 S.W.2d 194 (Tex.Cr.App.1971); Allen v. State, 474 S.W.2d 480 (Tex.Cr.App. 1972).

Thus the trial before a jury on a guilty plea in a felony case is primarily a hearing on punishment as it had been even prior to the effective date of the 1965 Code of Criminal Procedure (January 1, 1966).

Article 26.14, Vernon's Ann.C.C.P., (former Article 502) reads as follows:

"Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the pun-

ishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."

Such proceedings have long been conducted as a unitary trial.

"One of the innovations wrought by the 1965 Code of Criminal Procedure was the bifurcated trial. See Article 37.-07, V.A.C.C.P. As originally enacted, the procedure was designed to be applicable to *pleas of not guilty in jury trials in non-capital felonies and 'capital cases where the State has made it known that it will not seek the death penalty.'* Such procedure was entitled 'alternate procedure' as though it was to be experimental only, but in light of the provisions of Article 36.01, Secs. 1 and 8, V.A.C.C.P., it became *the* procedure in *all applicable cases."* (emphasis supplied) Brumfield v. State, 445 S.W.2d 732, 737 (Tex.Cr. App.1969).

The statute also provided that at the penalty stage of the bifurcated trial that "evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

The statute was, by its very terms, not applicable to pleas of guilty, either before the court or jury in a felony case. Morales v. State, 416 S.W.2d 403 (Tex.Cr. App.1967); Rojas v. State, 404 S.W.2d 30 (Tex.Cr.App.1966). Nor was it applicable to a plea of not guilty before the court. Courtney v. State, 424 S.W.2d 440 (Tex. Cr.App.1968). It was also held not applicable to trial of capital cases where the death penalty was being sought. Rojas v. State, supra; Williams v. State, 415 S.W. 2d 917 (Tex.Cr.App.1967); Jones v. State, 416 S.W.2d 412 (Tex.Cr.App.1967); Wilhelm v. State, 426 S.W.2d 850 (Tex.Cr. App.1968); Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App.1968), and Brumfield v.

State, supra. There was also a question as to whether the statute was applicable to misdemeanor trials where the possible punishment could be confinement in jail. *Cf.* Seefurth v. State, 422 S.W.2d 931, 937 (Tex.Cr.App.1968); Bridges v. State, 422 S.W.2d 449 (Tex.Cr.App.1968); Attorney General's Opinion No. C–587 (January 25, 1966).

In 1967, Article 37.07, supra, was amended (Acts 1967, 60th Leg., p. 1739, ch. 659, eff. Aug. 28, 1967). The amendment provided for bifurcated trials in all criminal cases, other than misdemeanor trials of which Justice or Corporation Courts have jurisdiction, which are tried *before a jury on a plea of not guilty.* See Sec. 2(a).

After the amendment, this court in Ring v. State, 450 S.W.2d 85 (Tex.Cr.App.1970), held the bifurcated trial procedure enunciated therein was not applicable to pleas of guilty before a jury in a felony case as that procedure was governed by Article 26.14, Vernon's Ann.C.C.P.

Allen v. State, 474 S.W.2d 480 (Tex.Cr. App.1972), pointed out:

"... It is not necessary to have a two-stage proceeding when a defendant enters a plea of guilty or nolo contendere before a jury. If such pleas are entered before a jury, their function is to determine punishment only."

See also Thomas v. State, 477 S.W.2d 881 (Tex.Cr.App.1972).

While it is clear that such trials are to be unitary, the question arises as to whether evidence of "prior criminal record," character and reputation, etc., may be offered as is permissible at the penalty stage of the trial in cases tried under the bifurcated trial procedure of Article 37.07, supra. We are of the opinion that such evidence is admissible.

Section 3 of Article 37.07, supra, provides:

"(a) Regardless of the plea and whether the punishment be assessed by

the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

"(b) After the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence.

"(c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.

". . . ."

It seems clear that the Legislature intended that evidence of the defendant's prior criminal record, his character and reputation may be introduced in any case "[r]egardless of the plea and whether the punishment be assessed by the judge or the jury, . . . ." It may be argued that some of the provisions of the said Section 3 would require that there be bifurcated trials in all criminal cases despite the limitation contained in Section 2(a) of the statute. We do not agree and adhere to our rulings in Ring v. State, supra, and Allen v. State, supra, decided subsequent to the 1967 amendment of Article 37.07, supra. The Legislature did not intend an absurdity. Further, in construing Articles 26.14, and 37.07 together, we conclude that

the Legislature did not intend to have certain types of cases where "prior criminal record," would be admissible at a hearing on punishment and not admissible on others.

■ We do not understand appellant to challenge this conclusion but to assert that evidence *other* than prior criminal record, character and reputation is not admissible. Relevant evidence admissible at a hearing where punishment is to be assessed is by *no means so limited*. See Allaben v. State, 418 S.W.2d 517, 519 (Tex.Cr.App.1967).

We do not agree that Collier v. State, supra, has lost its viability as a result of the adoption of the present Code of Criminal Procedure. Further, the evidence here complained of did not relate to an extraneous offense by the appellant but only called for the witness to describe what he had learned about rolling marihuana cigarettes while he acted as an undercover agent and how much marihuana was normally used in such cigarettes. We perceive no error.

■ Appellant next urges that reversible error occurred when the prosecutor argued:

"And there's one more thing I want to say, and I mean this sincerely, if this is not stopped, we are going to have an open town of marijuana continually. And I'll tell you something else, the only way it can be stopped is by you, as representatives of the county. And if it's not stopped, I'm not bringing up my child in this town."

Appellant's only objection was that it was immaterial whether the district attorney chose to live there or elsewhere. The objection was overruled and no further relief was requested.

Appellant now complains that the prosecutor injected new and unsworn testimony when he argued: "[We] are going to have an open town of marijuana continually.

. . ." and in a play upon prejudice added that portion of the argument concerning his child.

First, it should be observed that the argument was in response to and invited by the argument of defense counsel that Plainview had been an open town for marihuana from April to August since the undercover agents had bought all they could instead of preventing the sale of marihuana.

While the prosecutor should not have injected the fact that he had a child and that he intended to live elsewhere "if it's not stopped," we fail to perceive such error as calls for reversal under the circumstances presented.

In Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548, 550 (1924), this court stated:

> "We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case. . . ."

■ It is somewhat difficult to understand appellant's third contention. At one place in his "discussion," he contends "the court in its charge did not make any requirement of the jury to find the Defendant guilty." The court's charge was a standard form generally used where the plea is guilty and similar to the one set forth in McClung, Jury Charges for Texas Criminal Practice, Revised Edition. See also Willson's Criminal Forms, 7th Ed., vol. 8, § 3454, p. 371. In the charge, the court instructed the jury as follows: "You are instructed to find the Defendant guilty as charged in the indictment and assess his punishment at . . . ."

■ Likewise, his claim that Article 1.-15, Vernon's Ann.C.C.P., has application to a plea of guilty before a jury is without merit. It expressly applies only in non-capital felony cases where a jury has been waived.

The judgment is affirmed.