Juventino **MORENO**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 45856.

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Rehearing Denied Jan. 17, 1973.

Robert R. Scott, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William Olsen, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of heroin. The punishment, enhanced under the provisions of Article 725b, Sec. 23, Vernon's Ann.P.C., life.

Appellant's appointed counsel on appeal, who was also appointed trial counsel, has filed an appellate brief reciting that after a diligent study of the record and law applicable thereto, he is of the opinion that appellant's appeal is of a "frivolous nature." See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Gainous v. State, Tex.Cr.App., 436 S.W.2d 137. A copy of said brief was sent to appellant by certified mail. The court ordered that the entire record on appeal be made available for examination by appellant and a certificate of the court reflects that appellant examined the record under ordinary office conditions.

Counsel for appellant, in light of Anders v. California, supra, and Gainous v. State, supra, has urged two grounds of error that might arguably support the appeal.

■ We reject the contention that the court erred in admitting into evidence the fruits of the search of appellant's automobile. The arresting officer testified that he received information from a previously reliable informer that appellant and a named companion were enroute to 1412 Tabor Street, Houston, in a certain described vehicle with heroin in their possession. The facts supplied by the informer concerning where and when appellant would be found, the description of the car in which he would be traveling, the presence of a named companion were verified by the officers. Thus there was probable cause to believe that the remaining bit of information concerning appellant's possession of heroin would likewise be true. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921.

■ Appellant's contention that the court erred in denying exposure of the informer and his background is without merit.

This Court has consistently held that the name of the informer does not have to be disclosed where the informer was not present at the time of the arrest or a participant in the offense or was not shown to have been present at the time as to have been a material witness as to whether the defendant committed the act charged. Ware v. State, Tex.Cr.App., 467 S.W.2d 256; Durham v. State, Tex.Cr.App., 466 S.W.2d 758; Washington v. State, Tex.Cr.App., 456 S.W.2d 907; Hernandez v. State, Tex. Cr.App., 435 S.W.2d 520; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

We have examined appellant's pro se brief and find that the contentions raised therein are wholly without merit.

After a thorough examination of the record before us, we find ourselves in agreement with counsel's conclusion that the appeal is frivolous.

The judgment is affirmed.

Opinion approved by the Court.