**Norris Anthony BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–441–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1982.

Discretionary Review Granted April 14, 1982.

Murray Cohen, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a conviction for murder. Appellant was tried before a jury and found guilty of murder. After a punishment hearing, in which Officer R. J. Baylous of the Houston Police Department testified that appellant had a bad reputation for being a peaceful and law-abiding citizen, the jury assessed punishment at life imprisonment in the Texas Department of Corrections. Appellant asserts one ground of error. We affirm.

Appellant's sole contention on appeal is that the trial court committed reversible error by refusing to compel disclosure of the informants who spoke with Officer R. J. Baylous, the State's reputation witness, regarding appellant's bad reputation. Before Baylous was allowed to testify, he was asked by defense counsel, out of the presence of the jury to identify by name the informants upon which he had relied; Baylous refused, stating that some of them, better known as confidential informants, had given him good information in the past and that all of the persons lived in the same apartment complex as the defendant. When the jury returned to the courtroom, Baylous testified that appellant's reputation for being a peaceful and law abiding citizen was bad. Defense counsel again inquired as to the names of the officer's sources to which request Baylous again refused to comply, saying: "No Sir, some of them I would feel would be in fear of any type of backlash. They are considered confidential informants." Defense counsel again requested the court to instruct the witness to name the people who said the appellant's reputation was bad. The State objected to such request and the Court sustained the objection, refusing to order disclosure of the names of the reputation informants.

The State asserts that appellant has not preserved error, and failed to utilize properly any of the four possible means under art. 40.09 § 6(c); 6(d)(2); 6(d)(3); or 6(d)(1) Tex.Code Crim.Pro. (Vernon 1979) for preserving error on the issue. Without deciding such contention by the State, we will consider appellant's ground of error in the interest of justice under Tex.Code Crim. Pro. art. 40.09 § 13 (Vernon 1979), the applicable law at the time of the instant case, which the State concedes we are authorized to do.

Appellant contends the officer's testimony on reputation was based solely on informant material and not on his personal knowledge since he was unacquainted with appellant prior to his arrest. He urges that the evidence of reputation was based only on hearsay information from secret sources and that since Officer Baylous did not claim all the informants were confidential informants or that all of them feared some sort of backlash, he was entitled to know their names.

Reputation evidence is based on hearsay and it is based on discussions of an accused's bad reputation so long as these discussions include matter other than the crime for which he is on trial. *Mitchell v. State,* 524 S.W.2d 510 (Tex.Cr.App.1975); *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr. App.1981). Further, it is not necessary that a witness even be able to name specific persons who have made comments on which the witness bases his bad reputation evidence. *Lopez v. State,* 574 S.W.2d 563 (Tex.Cr.App.1978); *Hoffert v. State,* 623 S.W.2d 141 (Tex.Cr.App.1981).

"The Court of Criminal Appeals has consistently held that the name of the informer does not have to be disclosed where the informer was not present at the time of the arrest or a participant in the offense or was not shown to have been present at the time as to have been a material witness as to whether the defendant committed the act charged." *Moreno v. State,* 488 S.W.2d 426, 427 (Tex.Cr.App.1972); *see also Rosales v. State,* 473 S.W.2d 474, 475 (Tex.Cr.App. 1971). The informers in this case did not fit

any of these categories which warrant disclosure.

Appellant submits this case is qualitatively different from one regarding disclosure of an informant furnishing facts for the issuance of a search warrant because search warrant information is relevant only to establishing probable cause for the search and is not admissible evidence before a jury as evidence of guilt of any defendant. In the instant case, he urges, the informant information pertained directly to the ultimate issue of punishment for the defendant on trial, not merely a collateral issue of probable cause for the court's consideration outside the jury's presence. While appellant's argument and reasoning is logical and persuasive, the Court of Criminal Appeals has held otherwise in a similar case.

The Court of Criminal Appeals in a case very similar to the instant case, *Durham v. State*, 466 S.W.2d 758 (Tex.Cr.App.1971), held that the refusal of police officers testifying as to the defendant's bad reputation during the punishment stage to divulge the names of reputation sources was proper. The court in *Durham* pointed out it had consistently held the name of an informer did not have to be disclosed in the same manner as discussed above in this opinion. Furthermore, in *Durham* as in the present case guilt was not an issue because the defendants' guilt had already been determined and the testimony to which appellants' objected was admitted during the punishment stage of the trial. Therefore, we find *Durham* to be controlling.

■ Appellant contends that Baylous was not qualified to testify regarding appellant's reputation since Baylous had never encountered or heard of the appellant prior to his arrest for the offense for which he was ultimately convicted. The Court of Criminal Appeals has held that "a witness who has known defendant only since the time of his arrest may testify at the penalty stage of the trial that his reputation as a peaceable law-abiding citizen was bad." *Chamberlain v. State*, 453 S.W.2d 490, 494 (Tex.Cr.App.1970); *Pogue v. State*, 474 S.W.2d 492 (Tex.Cr.App.1971). There is

nothing to show that the officer's testimony was based solely upon the murder charge involved so as to render the testimony inadmissable. *Pogue v. State, supra,* at 497.

■ Appellant asserts that his constitutional right to confrontation is being abridged in this case. Reputation evidence is a well recognized exception to the prohibition against hearsay evidence and it is specifically authorized at the penalty stage. Tex.Code Crim.Pro. art. 37.07 § 3(a) (Vernon 1981). The Court of Criminal Appeals has found that no confrontation right had been violated when the trial court refused to allow questions aimed at identifying the informant whose tip resulted in police surveillance which implicated the defendant; the court found that no confrontation right had been violated since testimony of the informant was not presented at trial. *Lopez v. State*, 397 S.W.2d 76, 77 (Tex.Cr.App. 1965). The Fifth Circuit has stated that the confrontation clause of the Sixth Amendment applies to evidence actually disclosed at trial and a defendant has no right to confront a "witness" who provides no evidence at trial. *Shuler v. Wainwright*, 491 F.2d 1213, 1224 (5th Cir. 1974).

The judgment is affirmed.