Norris Anthony BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 124–82.

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Gene Nettles, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The sole question in this cause is whether a part of the opinion of the Court in *Durham v. State,* 466 S.W.2d 758 (Tex.Cr.App. 1971) is sound enough to warrant our acknowledging its continued vitality. The Court of Appeals found *Durham* to be dis-

positive of the issue raised in appellant's single ground of error, though the court characterizes his effort to distinguish it as "logical and persuasive." *Butler v. State,* 629 S.W.2d 830 (Tex.Civ.App.—Houston (14th) 1982). Taking a somewhat different approach, we will nevertheless affirm the judgment of the Court of Appeals.

■ At the punishment phase of trial when the State presents a peace officer to testify as to the reputation of the accused for being a peaceable and lawabiding citizen, if otherwise qualified to state that reputation,[1] the witness need not be able to name persons with whom he has discussed the reputation of accused for his testimony to be admissible. *Hoffert v. State,* 623 S.W.2d 141, 146 (Tex.Cr.App.1981); *Lopez v. State,* 574 S.W.2d 563, 566 (Tex.Cr.App. 1978); *Jacks v. State,* 167 Tex.Cr.R. 1, 317 S.W.2d 731, 733 [2] (1958). Here, however, the witness knew names of persons to whom he had spoken, but when asked refused to so identify them, claiming some were confidential informants; appellant requested the officer be directed by the trial judge to give names, the prosecuting attorney objected and the trial court refused to require the officer to identify any one of the several persons from whom the officer gathered reports about appellant's reputation.

■ The question that recurs, then, is whether an accused may "disqualify" a peace officer whose reputation testimony is otherwise admissible because the officer claims the informer's privilege when asked to divulge names of those persons who told him of appellant's bad reputation as a peaceable and lawabiding citizen.

The *Durham* Court overruled his first ground of error with this conclusion: "No reversible error has been shown." Immediately preceding the conclusion, the Court noted and found:

"In the present case guilt was not an issue because it was established by the plea after proper admonishment before the jury and *the reasons for naming an informant are not present.*"[3]

1. See generally *Mitchell v. State,* 524 S.W.2d 510, 512 (Tex.Cr.App.1975).

2. The Texas Ranger investigating the offense on trial testified that he talked to a number of people about reputation of accused but did not note their names. *Jacks,* supra, 317 S.W.2d at 733.

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

*Durham v. State,* supra, at 759. In other words, the Court impressed the informer's privilege and its exceptions [4] on lay citizens who pass on to a peace officer the purported reputation of another.

We are not persuaded the privilege is applicable, at least as fashioned in *Durham.* The opinion has not since been cited on that point, so far as Shepard's Texas Citations informs, although its absence from the lists may well mean the occasion is rarely presented. And in our best judgment, the matter is a nonissue—there is really no problem in the premises.

Though the Legislature seems to have delineated character and general reputation as equals, see Article 37.07, § 3(a), V.A.C. C.P., in truth they are not. "At this late date it should be too well understood to require comment that actual character is distinct from reputation which is merely evidence of character," Ray, op. cit., § 1324, 1A Texas Practice 500; see generally *Ward v. State,* 591 S.W.2d 810 (Tex.Cr.App.1978, 1979). Moral character is a bundle of personal traits—"the inherent qualities of a person"—whereas reputation is a mode of proving character and is, therefore, a source of evidence resorted to in order to allow an inference to be drawn "as to the nature of the actual trait," *ibid.* However, to be a reliable source the reputation in question must reflect a general opinion commonly held by the community. *Id.,* § 1325, 1A Texas Practice 501. As already indicated, and as presented in greater detail by the opinion of the Court of Appeals, the testimony of the officer sufficed to lay an ample predicate as well as to establish existence of a reputation of appellant for being a peaceable and lawabiding citizen, as to qualify him to express it to the jury—without proper challenge.

Long before Article 37.07 was enacted and trials of criminal cases before a jury were bifurcated, the Court created a procedural right for an accused to conduct a voir dire examination of a reputation witness whom the prosecution had preliminarily qualified to state the general reputation of an accused with respect to the trait of character in issue. In *Coleman v. State,* 82 Tex.Cr.R. 332, 199 S.W. 473 (1917) relevant precedent was collected and the Court concluded:

> "Appellant may demand the right to examine the witness in regard to the predicate, and should be permitted to examine him critically and develop that his conclusion was reached from personal matters and not from general reputation of appellant in these respects." *Id.,* 199 S.W. at 475.

That right still obtains. *Crawford v. State,* 480 S.W.2d 724 (Tex.Cr.App.1972) and see *Johnson v. State,* 614 S.W.2d 148, 154, n. 15 (Tex.Cr.App.1981). Appellant exercised it fully in the instant case, and learned that the witness had spoken, among others, to some persons he considered to be confidential informants and, accordingly, whose names he would not disclose, and the trial court refused to require him to name them.

There is no error in any of that. If a reputation witness need not be able to name particular persons in the community with whom he discussed the reputation of an accused for his testimony to be admissible, it follows that the peace officer who knows their names need not disclose them in order to qualify himself to say what general opinion is commonly held in the community with respect appellant's reputation.[5] The test of trustworthiness of purported reputation is the extent to which it is generally understood in the community, not reliability of one or more members of the community discussing it with a peace officer. *Jackson v. State,* 628 S.W.2d 446, 449–451 (Tex.Cr.App.1982); see *Mitchell v. State,* supra, at 513; *Crawford v. State,* supra, at 726–727.

The judgment of the Court of Appeals is affirmed.

TEAGUE, Judge, dissenting.

I find that the majority, by upholding the decision of the Court of Appeals that it was

---

4. See *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). However, as explained in *Roviaro,* the privilege is in reality "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law," *id.,* 353 U.S. at 59, 77 S.Ct. at 627. The privilege is designed to encourage revelations by persons who will communicate "information concerning the commission of crimes," Ray, Law of Evidence (Third Edition) § 444, 1 Texas Practice 422, 435, n. 30.

5. Thus, while the opinion of the Court in *Durham v. State,* supra, reached the right result in overruling the first ground of error presented in that cause, its reasoning is faulty, and we will not follow it.

not error on the part of the trial court to refuse the request of appellant that Officer R.J. Baylous disclose at the punishment stage of the trial the names of the persons with whom Baylous had spoken, and on which information Baylous based his opinion that appellant had a bad reputation, has grievously erred. The opinion not only "puts the blindfold" on the jury, cf. *Rojas v. State,* 404 S.W.2d 30, 34 (Tex.Cr.App.1966), but has denied the appellant his Sixth Amendment Constitutional right to confront his accusers. See *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

I also believe that the majority has taken a circuitous route in order to reach its end and apparently desired result. There was no need for it to have done that because this case calls for a simple decision to a simple question, to-wit: Is the Court now ready to do what it did not or would not expressly do in *Durham v. State,* 466 S.W.2d 758 (Tex.Cr.App.1971)?

There is but one question before this Court and that is the following one: Must an otherwise qualified reputation witness for the State of Texas, who testifies at the punishment stage of the trial to the defendant's bad reputation, if requested, disclose the names of the persons with whom the witness had talked concerning the defendant's reputation? Or, to put the question in another light: Should the former rule of law, to-wit: "However, before a witness can testify the the defendant's general reputation for having a particular character trait is bad, the witness must have actually discussed the matter with someone, and that person must have told the witness that the defendant's general reputation for having that particular character trait was bad," be amended with the following addendum: "And under no circumstance is it necessary for the witness during cross-examination or on voir dire examination to give to the defendant the names of those persons he has talked with." See *Jackson v. State,* 628 S.W.2d 446–450 (Tex.Cr.App.1982).

That is all that is before this Court at this time. We need not tarry and dawdle in answering the first or second posed questions. We need not therefore concern ourselves with discussions about informers, past decisions of this Court, who is and who is not a reputation witness, whether there is a difference between a character or reputation witness, and any other such interesting subjects.

I have concluded that the correct answer to the first posed question is a solid "YES" and the answer to the second posed question is a solid "NO". Because I find that the majority, by its approval of Judge Clinton's opinion, has, in effect, chosen to answer the above questions adverse to my answers, I must respectfully dissent.