**Danny Lee HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00199–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 26, 1998.

Decided March 20, 1998.

Discretionary Review Refused June 17, 1998.

---

Pam Campbell, Paris, for appellant.

Kerye Ashmore, Lamar County Attys. Office, Karla R. Baugh, Asst. County Atty., Paris, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Danny Lee Hicks appeals his conviction for burglary of a building. His sole point of error in this appeal is that he was improperly denied a jury trial on the guilt/innocence issue.

Hicks was indicted for four offenses of robbery, burglary, and theft. He requested a trial of all four charges together. He apparently intended initially to plead guilty before the court on guilt/innocence in all four cases and elect to have a jury hear and determine the issue of punishment. He also intended to plead true to the enhancement paragraphs. Hicks signed written waivers of jury trial. These waivers were printed forms that stated, "I hereby in open Court waive my right to a trial by jury in this cause, both on the question of my guilt or innocence and on the question of punishment." Copies of these waivers that are contained in the appellate record show that in each one the clause reading "both on the question of my guilt or innocence" is stricken out, leaving the sentence to read, "I hereby ... waive my right to a jury trial in this cause ... on the question of punishment." There is no evidence in the record as to who altered the printed forms or when the alteration was done.

From the above, it can be seen that both Hicks and State's counsel were laboring under the erroneous impressions that a bifurcated trial after a plea of guilty is proper, and that Hicks wanted a jury trial on guilt/innocence and a bench trial on punishment. *See Basaldua v. State,* 481 S.W.2d 851 (Tex.Crim.App.1972). The parties appeared before the trial court without a jury, whereupon Hicks pleaded guilty to the offense. The court accepted his plea, found him guilty, and ordered a noon recess. After the recess, the prosecutor asked the court to reopen the case to allow the introduction of stipulated evidence. There was no objection from the defense. The court admitted the stipulations in evidence, and the court again announced a finding of guilt.

The court then selected and empaneled a jury. The prosecutor read all four indictments before the jury, and Hicks pleaded guilty to all charges before the jury. The stipulated evidence was again introduced, and both the State and the defense presented additional evidence through witnesses on the issues of guilt as well as punishment. The jury deliberated and returned a verdict of guilty in all four cases. They set Hicks' punishment at life imprisonment for the robbery charge and twenty years' imprisonment on each of the burglary and theft charges. The court then sentenced Hicks in accordance with the jury's verdict.

Hicks contends that he was denied a jury trial and that his waiver of a jury was invalid. This contention is moot. Hicks pleaded guilty before a jury, and after evidence was adduced, he was found guilty by that jury. The fact that Hicks, believing that a bifurcated trial was proper, first pleaded guilty before the court without a jury is not significant. After Hicks pleaded guilty before the court, the court reopened the proceeding, empaneled a jury, and Hicks then pleaded guilty before the jury. Evidence supporting his guilt as well as the enhancement allegations of the indictments was admitted, although that is not necessary when a defendant pleads guilty before a jury.[1] *See*

*Fairfield v. State,* 610 S.W.2d 771, 776 (Tex. Crim.App. [Panel Op.] 1981).

Hicks contends that the proceeding before the jury is a nullity because it was merely an attempt to "fictionalize" an illegal bifurcated trial into a unitary trial. We disagree. The jury trial was the equivalent of a new trial before a jury after an initial plea to the court. Such a new trial enured to Hicks' benefit because he wanted a jury trial, and it was not error in the context of this case.

Hicks, in a supplemental brief, contends that the result in this case violates his right against being twice put in jeopardy. We disagree. The plea and trial before the jury was a continuation of the same proceeding. It was not a different proceeding, and it did not impose multiple punishments for the same offense.

The State has supplemented the record with judgments *nunc pro tunc* in all four cases that reflect what actually happened at the trial. While we have allowed these judgments to be included in the record, they do not change our decisions.

For the reasons stated, we affirm the judgment.

---

1. Hicks contends that he did not plead "true" before the jury to the enhancement paragraphs

of the indictments. The State, however, proved those allegations by evidence at the jury trial.