# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00594-CR

**Timothy Dean Stone, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 9650, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Timothy Dean Stone appeals his conviction for aggravated sexual assault of a child. *See* Tex. Pen. Code Ann. § 22.021 (West 2003). The jury assessed his punishment at twenty years in prison following appellant's plea of guilty before the jury.

### Points of Error

In three points of error, appellant contends that he was denied his constitutional and statutory rights to the effective assistance of counsel and a fair trial because the trial court improperly interfered with the voir dire examination of prospective jurors (1) by denying appellant's request to address the jury panel members by name rather than their assigned number, (2) by denying appellant's request for a recess until the next morning in order to prepare for the voir dire examination of the jury panel pursuant to the trial court's imposed rule of a flash card system of

numbers, and (3) by denying appellant's request for additional thirty minutes for interrogation of prospective jurors after the voir dire time limits had expired. In point of error four, appellant complains that the trial court erred in denying his motion for a mistrial during the State's interrogation of appellant's father. We will affirm the conviction.

## Background

Under the circumstances, there is no challenge to the sufficiency of the evidence. Appellant entered a plea of guilty before the jury to a felony charge, was duly admonished by the trial court as to the consequences of his plea, and was found competent to stand trial. The trial court accepted the plea as being freely and voluntarily made. The trial court instructed the jury as to the procedures to be used, to find appellant guilty of the allegation in the indictment, and that their only function was to assess appellant's punishment.

A plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jurors to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Carroll v. State*, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998); *Ex parte Williams*, 703 S.W.2d 674, 679 (Tex. Crim. App. 1986); *Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981); *Basaluda v. State*, 481 S.W.2d 851, 852 (Tex. Crim. App. 1972); *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968). This procedure is a unitary trial, just as it was before the adoption of the 1966 Code of Criminal Procedure. *Basaluda*, 481 S.W.2d at 852-53. The only issue is punishment. The procedure is not to be bifurcated. *See Frame*, 615 S.W.2d at 767. Article 37.07 of the Code of Criminal Procedure authorizing the bifurcation of trials applies only to

2

pleas of not guilty. Tex. Code Crim. Proc. Ann. art. 37.07(2)(a) (West Supp. 2004-05). Moreover, article 1.15 of the Code of Criminal Procedure requiring evidence to support a guilty plea applies only to guilty pleas in non-capital felony cases before the trial court, not a jury. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2004-05).

**Voir Dire Examination**

With this background, we turn to the first three points of error dealing with the voir dire examination of the jury panel. First, appellant claims that he was denied the effective assistance of counsel and a fair trial constitutionally and statutorily provided when the trial court denied the request to address prospective jurors by their names during voir dire examination. Appellant next complains of the trial court's refusal to recess until the next morning as requested so defense counsel would have time to prepare for voir dire examination using the prospective jurors's numbers rather than names. Appellant also urges error at the close of the voir dire examination when the trial court denied his request for a thirty-minute extension of time. Appellant asserts that the trial court abused its discretion in all of these matters.

The record reflects that, at the commencement of the voir dire examination, the trial court instructed the jury panel about the use of the flash cards each bearing a number, both as to answering questions addressed to the jury panel as a whole as well as individual questions. A jury shuffle then ensued. The flash cards had to be collected and redistributed when a new jury list was formed after the shuffle. Thereafter, the State completed its voir dire examination of the jury panel. After appellant's counsel began his interrogation, he referred to a prospective juror by name and the State objected. The jury panel was given a ten-minute recess. Appellant's counsel requested that

3

he be allowed to use the names of the prospective jurors on the jury list that he had been given rather than numbers assigned; that this was important for him to be able to establish rapport with the potential jurors. The trial court responded that it had instituted the flash card numbers system for "a whole lot of reasons" and "it adds a little bit of anonymity to them [prospective jurors] answering some tough questions." Appellant's request was refused.

At this point, appellant's counsel asked for an overnight recess because he was "completely distraught and upset" and "not prepared" for voir dire examination because of the trial court's ruling. This request was denied. Counsel then asked for a one-hour recess which was denied, but the trial court accorded counsel a thirty-minute recess.

Both parties had been given thirty minutes to conduct their voir dire examination. After appellant's counsel had completed his voir dire examination, he asked the trial court for another thirty minutes to interrogate the jury panel. The trial court responded that counsel had "gone 17 minutes" over the allotted time, and the State noted that appellant had stopped two-and-a-half minutes before an earlier extension had expired. The request for additional time was denied. Counsel was granted the opportunity to submit a list of questions counsel had been unable to ask. The trial concluded on June 13, 2003. The questions that counsel wanted to ask were filed July 2, 2003.

The trial court has broad discretion to control the conduct of jury selection. *See Valle v. State*, 109 S.W.3d 500, 504 (Tex. Crim. App. 2003); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); *Curry v. State*, 910 S.W.2d 490, 492 (Tex. Crim. App. 1998); *Allridge v. State*, 762 S.W.2d 146, 167 (Tex. Crim. App. 1998). The use of flash cards as described and the required

4

reference to prospective jurors by number is a slight departure from the traditional Texas practice of selecting jurors in criminal cases. We find no abuse of discretion on the part of the trial court. Appellant has failed to show that the act or ruling was arbitrary and unreasonable or contrary to guiding rules and principles so as to demonstrate an abuse of discretion.[1] This was not an anonymous jury because of the trial court's ruling. As the State points out, appellant was not actually forbidden to use the jurors's names or to ask about the full names of spouses or other relatives. Jury lists were furnished appellant with the names of prospective jurors thereon. The district clerk's records reflect the names of the jury panel members as well as the jurors chosen. Building rapport with members of a jury panel is, of course, a proper purpose of voir dire examination. *See Tobar v. State*, 874 S.W.2d 87, 90 (Tex. App.—Corpus Christi 1991, pet. ref'd). Although appellant complained that counsel would be unable to establish rapport without using names, appellant has failed to point out where in this record he failed to establish rapport with the jury panel members or was handicapped in doing so or in establishing eye contact about which he now complains on appeal.

Further, given the broad discretion of the trial court in jury selection, we find no abuse of discretion in denying an overnight recess after the trial court's ruling as to the use of flash cards. Appellant's request for the recess was based solely on the proposed use of flash cards and the reference to prospective jurors by number. Appellant had failed to show how he was harmed by being given a thirty-minute recess rather than an overnight one.

---

[1] Our holding is not to be considered as an endorsement of the flash card numbers system here used.

Still further, there is appellant's claim that the trial court abused its discretion in not allowing an additional thirty minutes of voir dire examination. Appellant had been accorded forty-seven minutes of voir dire examination compared to thirty minutes for the State. Less time is required for voir dire examination where the only issue is punishment as was the case here. *Cf. Ganther v. State*, 848 S.W.2d 881, 883 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (less time required where jury not selected to assess punishment). Appellant's plea of guilty before the jury in this felony case foreclosed the issues of guilt or innocence. *Basaluda*, 481 S.W.2d at 852. Appellant's counsel told the trial court that he had additional questions to ask but those questions were not revealed until after the conclusion of the voir dire examination and the trial. An examination of the belatedly-filed questions reflects that some of the questions were totally inappropriate voir dire examination inquiries, and some were related to the issue of guilt which had been foreclosed. Moreover, appellant makes no effort to show that any of the questions would have been proper and that appellant was harmed by the trial court's action. *See* Tex. R. App. P. 38.1(h). Under any circumstances, none of the questions was timely presented to the trial court so that any relief could have been accorded if a question could be deemed proper.

Appellant has failed to meet the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). We conclude that appellant has not been denied the effective assistance of counsel at trial or deprived of a fair trial. The first three points of error are overruled.

**Mistrial Motion**

In his fourth point of error, appellant contends that the trial court erred in denying a motion for a mistrial when one of the prosecutors asked on cross-examination of Bill Stone, appellant's father, an improper and highly prejudicial question.

6

Bill Stone testified as a witness for his son. He testified that appellant was remorseful about the offense and the fact that as a result thereof appellant had lost his wife and children. On cross-examination, the record reflects:

| | |
|---|---|
| Q: | Okay, let me . . . I asked you what his actions demonstrated to you, not as far as . . . we talked about his emotional appearance, but what he did specifically, not turning himself in when he knew there were warrants out for him. |
| Mr. Shell (defense counsel): | Objection Your Honor . . . outside the record. |
| The Court: | Sustained. |
| Mr. Shell: | Request an instruction to the jury to disregard his misstatement of facts. |
| The Court: | Jury, disregard the question. |
| Mr. Shell: | Request for mistrial, Your Honor. |
| The Court: | Denied. |

Appellant complains that prior to the asking of the aforesaid question, the prosecutor had repeatedly attempted to cross-examine defense witnesses to elicite that appellant had been on the "run" before his arrest; that each time the trial court had sustained the objections made and consistently admonished the prosecutor to produce a witness with personal knowledge of the fact. On direct examination, Bill Stone testified that in September 2002 he had met appellant in Cedar Park near Austin and learned of the offense. The father and son stayed together there for several days. In late November 2002, they consulted an attorney in Austin. Appellant decided to "turn himself in" but since it was so close to Thanksgiving he postponed the action. In the week after

7

Thanksgiving, the witness and his daughter were driving to Alvarado to pick up appellant so he could surrender to authorities. They received a telephone call from appellant and returned home. The witness reported that appellant was arrested on December 5, 2002. It was after this direct testimony that the prosecutor asked the rather disjointed question complained of.

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Wood*, 18 S.W.3d at 648; *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is appropriate for only "highly prejudicial and incurable errors." *Simpson*, 119 S.W.2d at 272. Ordinarily, a prompt instruction to disregard will cure any error associated with an improper question. *Ovalle v. State*, 13 S.W.2d 774, 783 (Tex. Crim. App. 2000); *Ladd*, 3 S.W.3d at 567. The trial court is required to grant a motion for a mistrial only when the improper question is "clearly prejudicial to the defendant and is of such character to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. *Wood*, 18 S.W.3d at 648.

Here, the question was never answered. The trial court sustained the objection and instructed the jury to disregard the question. Given all the circumstances, including appellant's admission of guilt by his guilty plea before the jury and the opening of the door on direct examination, we conclude the trial court did not abuse its discretion in denying the mistrial motion. The fourth point of error is overruled.

The judgment of conviction is affirmed.

                                   _____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Affirmed

Filed:   March 10, 2005

Do Not Publish

---

[*]    Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

9