**Norman BERRYHILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0199–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1982.

Sam Dick, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C.J., and WARREN and DYESS, JJ.

WARREN, Justice.

Appellant was convicted by a jury of the offense of manufacturing a controlled substance; the court assessed punishment at 10 years in the Texas Department of Corrections.

Appellant asserts three grounds of error as follows:

(1) there was insufficient evidence to support the conviction,

(2) the trial court erroneously admitted into evidence a pill bottle with 5 white tablets because this showed an extraneous offense, and

(3) the trial court erred in admitting into evidence a notebook containing formulas for manufacturing methamphetamine.

On September 17, 1979, at approximately 8:30 p. m., officers of the Houston Police Department began a surveillance of an apartment leased to Richard Fronatt at 2410 Kirkwood in Houston. One of the windows in the apartment was broken and the officers could smell ether coming from the apartment.

At about 10:30 p. m., the three officers left to obtain a search warrant. After obtaining a warrant to search Fronatt's apartment, the officers returned to the scene and resumed the surveillance for about 40 minutes.

At about 12:30 a. m., the officers broke in the front door of the apartment, and, after entering, saw appellant and two other men in the kitchen in front of a stove. There was an apparatus in the kitchen consisting of beakers, a stove and a vacuum cleaner which testimony showed to be capable of manufacturing methamphetamine. The apparatus was apparently in the process of manufacturing methamphetamine. Also present were numerous chemicals necessary to the manufacture of methamphetamine. A strong odor of ether was present in the

kitchen as well as the other rooms of the apartment. A chemist employed by the State testified that the manufacture of methamphetamine causes a distinct odor of ether.

Appellant was ordered to go into the living room and sit on the sofa. After he was seated, an officer saw him stuff a bottle beneath a sofa cushion. The bottle was recovered, and an analysis of the contents showed that it contained five codeine tablets. A notebook containing formulas for the manufacture of methamphetamine was also found somewhere in the apartment.

Appellant contends that the evidence only shows his presence at the scene of the crime and that this is insufficient to support a conviction.

Mere presence and knowledge of a crime is insufficient to support a conviction for the crime. *McShane v. State*, 530 S.W.2d 307 (Tex.Cr.App.1975). But presence is a circumstance tending to prove guilt which, when combined with other facts, may suffice to show that an accused was a participant in the crime. *Ortiz v. State*, 577 S.W.2d 246 (Tex.Cr.App.1979); Tex. Penal Code Ann. § 7.02(a)(2).

In our case the court properly instructed the jury on the law regarding parties under Tex. Penal Code Ann. § 7.02 and on circumstantial evidence. Although the presence of appellant at the site of the operating apparatus creates a strong suspicion that he was involved in the prohibited process, his presence standing alone is insufficient to support a conviction.

In *Suff v. State*, 531 S.W.2d 814 (Tex.Cr.App.1976), Judge Odom, speaking for the court, said, "as to those situations in which one may be guilty as a principal when actually present, the very least that is required is, in addition to physical presence, encouragement by words or agreement to the commission of the offense." There is no evidence that appellant was aiding or encouraging the manufacture of methamphetamine, nor is there evidence that he was doing any act which would render him

a party under § 7.02, Penal Code. However, in determining whether a party was acting as a principal (party), the trial court may look to events before, during and after the commission of an offense. *Westfall v. State*, 375 S.W.2d 911 (Tex.Cr.App.1964). Reliance is often had on the action of the parties showing an understanding and common design. *Bush v. State*, 506 S.W.2d 603 (Tex.Cr.App.1974).

Art. 4476–15, V.A.C.S., Sec. 1.02(16) Texas Controlled Substances Act, defines "manufacture" as follows:

"Manufacture" means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance other than marihuana. . . ."

The following facts tend to show that appellant was acting as a party to the manufacture of the controlled substance: (1) he was in the apartment for at least 40 minutes before the officers entered; (2) he was found standing in the immediate vicinity of an apparatus which was in the process of manufacturing methamphetamine; (3) a strong odor of ether was present which was shown to be usual during the manufacture of methamphetamine; (4) he attempted to secrete a bottle containing a controlled substance, although different from the drug being manufactured. On the other hand, the notebook containing formulas for manufacturing methamphetamine does not raise an inference of appellant's guilt because it was not shown that the notebook was found on his person, under his control, or in a vicinity where he was likely to know of its presence and contents.

This circumstantial evidence is insufficient to support a conviction for manufacturing methamphetamine. There was no proof that appellant was a resident of the apartment; there was no proof, such as fingerprints, connecting appellant with any of the paraphernalia or chemicals used in the manufacture of methamphetamine; there was no proof that the methamphetamine or the chemicals necessary to its manufacture were found on appellant or on his clothing and there was no proof of flight. The most the evidence proved was that

appellant was present at a place where he knew, or should have known, that a crime was being committed. Thus, there is insufficient circumstantial evidence to exclude every other reasonable hypothesis except that of the guilt of the accused. *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App.1979).

Reversed and ordered that a judgment of acquittal be entered.