Kenneth Lynn CHAPIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0332–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 19, 1984.

Dennis C. Reich, Jules L. Laird, Jr., Houston, for appellant.

Don Clemmer, Houston, for appellee.

Before COHEN, WARREN and BASS, JJ.

## OPINION

COHEN, Justice.

The appellant was accused in a three paragraph indictment of possession of methamphetamine, a second degree felony, and manufacture of methamphetamine, a first degree felony. The final paragraph of the indictment alleged a prior California burglary conviction for enhancement of punishment.

On June 30, 1980, the jury found the appellant guilty of both offenses. The jury then reconvened on July 1, 1980, for a second hearing to determine the truth of the enhancement allegation. The jury received a second charge, heard a second round of arguments, and returned a second verdict finding the enhancement allegation to be true. The jury then convened for the third time, heard further evidence and arguments, and received a third jury charge. This jury charge mentioned only the first degree felony offense of manufacture of methamphetamine and the finding of true to the enhancement paragraph, and set a punishment range for that offense only. It made no mention whatsoever of the offense of possession of methamphetamine. The reason for totally omitting the punishment hearing for the possession offense was that the State, in open court, had abandoned the possession paragraph of the indictment after the finding of guilty, but before the punishment for that offense was submitted to the jury.

Consequently, the court only instructed the jury to set the appellant's punishment within a range of 15 years to life and a fine of $10,000.00. The jury assessed punishment at 15 years imprisonment.

■ Although not raised by the appellant, we observe that fundamental error in the jury charge occurred when the court instructed the jury that a fine of $10,000.00 could be imposed. Such punishment is not authorized under Tex.Penal Code Ann. sec. 12.42(d) (Vernon 1974). *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983). We need not consider whether this fundamental error requires reversal, however, in view of our disposition reached below.

■ In ground of error two, the appellant argues that the evidence was insufficient to support a conviction for possession of methamphetamine. The evidence was sufficient to support a conviction for *possession*. The police officers testified that when they knocked on the door of a home, the appellant opened the door, and, upon learning the officers' identity, he threw down a baggie of white powdery substance later identified as methamphetamine. This does not resolve the issue, however.

The judgment and sentence in this case both incorrectly state that the appellant was convicted of possession of methamphetamine. As stated above, the State intentionally abandoned that paragraph of the indictment during the punishment

stage, and the trial terminated without the punishment range for possession of methamphetamine ever having been submitted to the jury. The jury charge mentioned only manufacture of methamphetamine and gave a punishment range of 15–99 years, the range of punishment for manufacture of methamphetamine, enhanced by one prior felony. *See* Tex.Rev.Civ.Stat.Ann. Art. 4476–15, sec. 4.02(b)(6) and sec. 4.04(b) (Vernon 1976) and Penal Code sec. 12.42(d) *supra.* The penalty range for possession of methamphetamine, a second degree felony, would have been 5 to 99 years or life, because of the prior felony conviction alleged. *See* Art. 4476–15, sec. 4.04, *supra,* and Penal Code sec. 12.42(b). No such penalty range was submitted to the jury.

We conclude that the appellant was never convicted of possession of methamphetamine, even though the evidence was sufficient to support the guilty verdict, because of the State's election to drop that accusation from the case. The appellant had elected in writing prior to trial to have the jury assess punishment, and the jury never did so, as required by Tex.Code Crim. Pro.Ann. Art. 37.07 sec. 1(b) and sec. 2(b) (Vernon 1981). No conviction final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant. cf. *Morgan v. State,* 515 S.W.2d 278, 280 (Tex.Cr.App.1974); *Thornton v. State,* 576 S.W.2d 407 (Tex.Cr.App. 1979) (en banc); *Brown v. State,* 617 S.W.2d 234, 237 (Tex.Cr.App.1981) (en banc). Since the State voluntarily abandoned the possession count at the punishment phase of the trial, there is no "manifest necessity" for a retrial on the possession accusation. A retrial on that offense is barred by double jeopardy. *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974); See also *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 829–30, 54 L.Ed.2d 717 (1978). Ground of error two is sustained.

The purported conviction for possession of methamphetamine, inaccurately shown by the judgment and sentence in this cause, is hereby vacated and set aside, and prosecution for that offense arising out of the facts of this case is hereby ordered dismissed.

In the appellant's third ground of error, he contends the evidence was insufficient to sustain a conviction for manufacture of methamphetamine.

The record reflects that on March 2, 1980, Brent Bierman was arrested in Oklahoma City, Oklahoma, and charged with selling 8 oz. of methamphetamine to a federal agent. After this arrest, Bierman was overheard in a telephone conversation warning another party to "get rid of what they had". This information was relayed to a Houston agent of the Drug Enforcement Administration, Officer Gospodarek. Bierman's phone call was traced with cooperation of the phone company to a residence at 12802 Vickery, Houston, a residence owned by Bierman. The officers proceeded to that location in plain clothes and approached the front door of the house, whereupon they recognized a strong smell of ether coming from inside. The officers knocked on the door, and it was opened, whereupon the smell of ether became even stronger. Several males, including the appellant, had opened the door in response to the knocking and, when the officers identified themselves, they all turned and ran back inside the house, at which time the appellant dropped a bag of white powdery substance later identified as methamphetamine. The officers pursued and arrested five occupants inside the house. The officers observed chemicals, drugs, and laboratory equipment in plain view inside the house. They took control of the premises and obtained a search warrant. A thorough search was then conducted in which boxes were located in the garage packed with chemicals, laboratory equipment, and quantities of methamphetamine.

There is no evidence in the record that the appellant owned, leased, or resided at the house in question, and he was not linked to the house at any time other than the day of arrest. No property linked to the appellant was found on the premises. Five other people were arrested inside the

house, including one Stephen Jennings, who apparently had control of the premises. No manufacturing of methamphetamine was in progress at the time of the arrest. Although some drugs and lab equipment were found in the house, most of the equipment and chemicals necessary for the production of methamphetamine was found in boxes located in the garage, whereas the appellant was arrested in the living room. A search for fingerprints was made on the drug paraphernalia, but no fingerprints of the appellant were found thereon.

The State relies on five cases. Three of them deal solely with the sufficiency of the evidence to support convictions for possession, not manufacture, of controlled substances. These need not be discussed in view of our disposition of ground of error number two, *supra*. The others are *Gish v. State*, 606 S.W.2d 883 (Tex.Cr.App.1980) and *Fronatt v. State*, 630 S.W.2d 703 (Tex. App.—Houston [1st Dist.] 1981 pet. ref'd.). In *Gish v. State*, *supra*, the court affirmed a conviction for manufacturing methamphetamine upon facts obviously distinguishable from the instant case. The defendant in *Gish* stipulated that the house where the methamphetamine was found was his, and that he was arrested while "actively engaged in the manufacture and production of methamphetamine". *Gish v. State*, *supra* at 886–87. No such evidence was produced in the case at bar.

Similarly, in *Fronatt v. State*, *supra*, the methamphetamine lab was found in the defendant's own apartment, and methamphetamine was actually being manufactured at the time of the arrest.

The appellant relies upon *Berryhill v. State*, 630 S.W.2d 812 (Tex.App.—Houston [1st Dist.] 1982, no pet.), in which this court reversed for insufficient evidence the conviction of Mr. Fronatt's co-defendant. In *Berryhill*, *supra*, police entered the front door of an apartment and saw the appellant and two other men in the kitchen in front of a stove. The kitchen contained equipment which was capable of manufacturing methamphetamine and was apparently in the process of doing so. Essential chemicals were present, as well as a strong odor of ether. The appellant, Berryhill, was seen trying to hide a bottle containing codeine tablets. The court stated:

This circumstantial evidence is insufficient to support a conviction for manufacture of methamphetamine. There was no proof that the appellant was a resident of the apartment; there was no proof, such as fingerprints, connecting appellant with any of the paraphernalia or chemicals used in the manufacture of methamphetamine; there was no proof that the methamphetamine or the chemicals necessary to its manufacture were found on the appellant or on his clothing and there was no proof of flight. The most the evidence proved was that appellant was present at a place where he knew, or should have known that a crime was being committed. Thus, there is insufficient circumstantial evidence to exclude every other reasonable hypothesis except that of the guilt of the accused. *Berryhill v. State*, 630 S.W.2d at 814–15.

In this case, as in *Berryhill*, *supra*, there was no proof that the appellant resided in the house where the arrest occurred and no proof of fingerprints linking him to the materials. No methamphetamine was being manufactured at the time of the arrest and most of the equipment and chemicals were in the garage.

Unlike the situation in *Berryhill*, *supra*, there was an attempt at flight, and methamphetamine was found on the appellant. Nevertheless, this is insufficient circumstantial evidence to exclude every other reasonable hypothesis, except the appellant's guilt of *manufacturing* methamphetamine. For example, the inference is equally as strong, or stronger, that the appellant was on the premises to purchase methamphetamine and had just done so. Although the evidence strongly supported the jury's verdict of guilty to possession, the State, for reasons of its own, made a choice to abandon that prosecution. *Berryhill*, *supra*, is a stronger case for affirmance than the instant case because the

methamphetamine was actually being manufactured in Berryhill's immediate presence at the time of the arrest, and all the apparatus was arrayed before him, not spread around a house to which he was not shown to have a connection, and not packed in boxes in a separate garage, as in the instant case. Ground of error three is sustained.

The judgment of the district court convicting the appellant of manufacturing methamphetamine is reversed due to insufficiency of the evidence and an acquittal is ordered. The judgment of conviction for possession of methamphetamine is vacated and set aside and prosecution for that offense is ordered dismissed.