**Johnny Allen PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-85-244-CR.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1986.

W.A. Orr, Jr., Jo Ann Ottis, Bay City, for appellant.

Daniel Shindler, Bay City, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant guilty of manufacturing methamphetamine, TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.02(b)(6), § 4.03(c) (Vernon Supp.1986), and assessed his punishment at twenty-five years in the Texas Department of Corrections and a fine of $30,000.00.

Appellant brings forward nine grounds of error in his appellate brief complaining of the admission of certain evidence, the legal sufficiency of the evidence, and the trial court's refusal to order the State to disclose the identity of a confidential informant. Appellant withdrew his sixth ground of error at oral argument.

On Sunday, March 3, 1985, a confidential informant contacted Officer Edward Chance of the Houston Police Department, and a search warrant for appellant's residence was issued late in the evening. At approximately midnight, late Sunday, police began a surveillance of the rural residence rented to appellant in Matagorda County. Police watched the residence until Tuesday night at 11:45 p.m., when appellant was arrested. Officer Chance, who observed the house during the two-day surveillance and was familiar with the production of methamphetamine, testified that its manufacture produces a distinctive odor. He testified that he smelled that odor while watching the house from a distance of about 1000 feet. He also smelled the odor

when the search warrant was executed on Tuesday night.

Officer Chance testified that "there was a lot of traffic in and out of the residence," but that no one would go into the residence when appellant was not present, and that it appeared to him that appellant lived at the house.

George Hejtmanek testified that he rented the house to appellant. The State introduced evidence showing that the electric bill was in appellant's name.

Hejtmanek also testified that he had gone to the house during the first week of March and that the yard was "littered with buckets, jugs, and five gallon cans." He testified that he saw a couple of bottles of ether and acetate and several alcohol containers. The State showed that these substances are used to manufacture methamphetamine.

Officer Philip Goodwin testified that he watched the house with binoculars. On one occasion, he observed appellant "on the side of the road by a barn" using binoculars to watch his own residence. Goodwin also testified that appellant "would leave the area at night and when he would leave, he would cut his lights off, go several hundred yards down the road and disappear."

Officer Goodwin testified that he did not notice anyone go to the residence with any apparatus, glassware, or instruments necessary to produce methamphetamine. Officer Chance also testified that he did not see anyone bring any apparatus or glassware to the residence.

At approximately 11:45 p.m. on Tuesday night, the officers executed the search warrant. The officers approached the house in a pick-up truck and found appellant standing on his porch armed with a rifle. When the officers identified themselves, appellant ran.

Outside in the yard, officers found a pressurized canister which contained 2074 grams of methamphetamine in the reaction stage. The State produced evidence showing that methamphetamine involves a two-stage chemical process. The second stage involves pressurizing the substance for about six hours. It appears the substance was in this stage of production when the canister was seized.

A jar and a ziplock bag containing more than 287 grams of methamphetamine were seized inside the residence. Various chemical utensils were found around and inside the residence.

In his first and eighth grounds of error appellant contends the evidence is insufficient to show that he manufactured methamphetamine. Appellant relies on *Hughes v. State,* 612 S.W.2d 581 (Tex.Crim.App. 1981); *Chapin v. State,* 671 S.W.2d 608 (Tex. App.—Houston [1st Dist.] 1984, no pet.), and *Berryhill v. State,* 630 S.W.2d 812 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

In *Berryhill,* the defendant was not shown to be a resident of the apartment in which he was arrested and the methamphetamine manufactured. No evidence connected the defendant to the paraphernalia and there was no proof of flight. *Berryhill v. State,* 630 S.W.2d at 814–15. The Houston Court of Appeals found the evidence insufficient to support the conviction holding that the most the evidence proved was that appellant was present at a place where he knew, or should have known that a crime was being committed.

In *Chapin,* the defendant was not shown to be a resident in the house where the arrest occurred. There was also no proof linking the defendant to the drug paraphernalia and no methamphetamine was being manufactured at the time of the arrest. Although methamphetamine was found on the defendant, the Houston Court of Appeals found the evidence insufficient to support a conviction for manufacturing. *Chapin v. State,* 671 S.W.2d at 611.

In *Hughes,* the Court of Criminal Appeals affirmed a conviction for possession of marijuana, after finding a sufficient link between the defendant and the contraband. In the present case, appellant, applying the Court's language in *Hughes* that "residen-

cy is but a contributing factor" in establishing the link, argues that the State failed to link him with the methamphetamine, and that the State thereby failed to prove that he was guilty of manufacturing methamphetamine.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

■ The facts favoring the State are definitely stronger in the present case than in *Berryhill* and *Chapin*. Here, appellant was shown to be a resident of the house. The State's proof indicates that no one entered the house when appellant was not home. When the arrest was executed, the substance was still in a reaction state. Appellant's house contained paraphernalia and methamphetamine. The yard around appellant's house was littered with chemical bottles. Appellant was observed by the officers behaving suspiciously—such as observing his own home with binoculars and leaving the house at night with his "lights cut off." The distinctive odor was smelled by one of the officers during his surveillance, and on the night of the arrest. Additionally, appellant attempted to flee when approached by the officers. By considering all these factors, we find the evidence sufficient to sustain the conviction and overrule appellant's first and eighth grounds of error.

In appellant's second ground of error, he contends that the trial court erred in failing to include a requested instruction in the jury charge and that the trial court erred in failing to "record the judge's response to a written question from the jury."

■ Appellant's second ground of error is multifarious and could be overruled on this ground alone. *Ely v. State*, 582 S.W.2d 416 (Tex.Crim.App.1979). Nonetheless, we are able to understand appellant's assertions and will address them.

*Carter v. State*, 656 S.W.2d 468 (Tex.Crim. App.1983).

The trial court refused to include in its charge to the jury the instruction, "Mere presence alone does not constitute a crime," requested by appellant. Appellant relies on *McShane v. State*, 530 S.W.2d 307 (Tex.Crim.App.1975). In *McShane*, each defendant testified and each defendant denied that he handled, possessed, or purchased a large quantity of marijuana which had been brought to a trailer house where the defendants and others were arrested. The Court of Criminal Appeals held that the defendants' testimony raised the defensive theory of mere presence at the scene of a crime, and that the trial court should have charged on "mere presence." *McShane* is distinguishable from the present case in that there is no evidence that raises "mere presence." Rather, the evidence raises inferences contrary to the appellant's "mere presence" at the scene. Nonetheless, appellant argues that since the State did not link him to the drugs or paraphernalia by fingerprints or direct observation, a charge on "mere presence" is appropriate.

■ Even if *McShane* can be read to require a charge on "mere presence" where the accused does not testify or otherwise present a defense showing "mere presence," *McShane* is questionable authority in light of *Sanders v. State*, 707 S.W.2d 78 (Tex.Crim.App.1986). In *Sanders*, the defendant, on trial for burglary, testified in his own defense and stated that he had *bought* a guitar, found in his possession, which had recently been stolen from a burglarized premise. The defendant requested a defensive charge on "good faith purchase," which the trial court denied. The Court of Criminal Appeals noted that the defendant's testimony raised the defense of good faith purchase, but nonetheless held that the trial court acted properly. The Court held that if the alleged defensive theory merely negates an element of the offense, no affirmative charge must be given. Under *Sanders*, an instruction is only required where the defendant admits par- ·

ticipation in the act itself and relies upon a statutory defense. *Sanders,* 707 S.W.2d at 80–81. Appellant, like the defendant in *Sanders,* sought an instruction on a "defense" which negated his entire participation in the offense. Accordingly, this portion of appellant's second ground of error is overruled.

■ Appellant also contends that the trial court reversibly erred in its handling of a question asked by the jury during deliberations. As appellant notes, the question, as well as the trial court's response, if any, is not included in the appellate record. Appellant argues that he did not waive his right to have the communication from the jury read in open court. TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981). The record fails to reveal the events of which appellant complains. In an absence of a showing to the contrary in the record, it must be presumed that the trial court complied with the provisions of the Code of Criminal Procedure. *Lindley v. State,* 629 S.W.2d 844 (Tex.App.—Houston [14th Dist.] 1982, no pet.). This portion of appellant's second ground of error is also overruled.

In his third ground of error, appellant complains of the admission of photographs depicting various objects found by police officers at appellant's home. Appellant's ground of error is again multifarious as it complains of the admission of various photographs. Nonetheless, we address the issues raised by appellant. *Carter v. State,* 656 S.W.2d 468. Appellant's complaint is that, with regard to State's Exhibits 5, 6, 16 and 23, the photos depict objects at the appellant's house which were moved by police officers and thus the exhibits did not accurately portray the objects as found at the scene.

■ Appellant's trial objection to Exhibits 5, 6 and 16 was that there was no evidence that appellant had handled the objects depicted. Appellant's ground of error thus does not comport with the trial objection and presents nothing for review. *Carillo v. State,* 591 S.W.2d 876 (Tex.Crim. App.1979). Thus appellant's ground of error is overruled with regard to Exhibits 5, 6 and 16.

■ State's Exhibit 23 was admitted at the punishment stage on cross-examination of appellant, who admitted that the exhibit accurately portrayed the guns photographed. Appellant did not object when it was offered and admitted. Although appellant objected earlier to the photograph when the State had first offered the exhibit, the trial court did not admit the exhibit at that time and instructed the State to ask additional questions about it. In so doing, the State established that the photograph accurately depicted the objects. Thus, the trial court did not err in admitting the photograph. *Gonzales v. State,* 532 S.W.2d 343 (Tex.Crim.App.1976). Appellant's third ground of error is overruled.

■ In appellant's fourth ground of error, he contends the trial court erred in allowing the State to introduce evidence concerning the value and marketing techniques of methamphetamine. Although the ground of error is again multifarious, we address appellant's contentions. In the first instance raised by appellant, he obtained no adverse ruling, thus failing to preserve error. *Darty v. State,* 709 S.W.2d 652 (Tex.Crim.App.1986). Appellant likewise failed to obtain an adverse ruling to his second objection. The trial court merely stated "Go ahead," which was followed immediately by a bench conference, the substance of which was not reported. Appellant once again failed to preserve error for appellate review. *Darty,* at p. 655.

■ The trial court then overruled two objections relating to the street price and packaging weights for the sale of the drug. The admission of evidence on these matters has been permitted in the past. *Collier v. State,* 167 Tex.Cr.R. 534, 321 S.W.2d 584 (1959). Even if this evidence was inadmissible, we would find its admission harmless. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error is multifarious, complaining about the admission of evidence concerning a previous surveillance of appellant in another county during a previous year, and the admission of evidence concerning appellant's tattoos. The complained-of evidence was admitted at the punishment phase of trial. Appellant objected four times to the evidence admitted concerning a previous surveillance. Twice appellant did not obtain a ruling and once the jury was instructed to disregard. When the evidence (photographs of appellant's previous house) was finally admitted over appellant's objection ("I would still object to them."), evidence of the previous surveillance had already been admitted. Through a combination of failing to timely object and failing to obtain adverse rulings, appellant has failed to preserve error. The photographs themselves are not prejudicial. *Crocker v. State*, 573 S.W.2d 190 (Tex.Crim.App.1978); *Nastu v. State*, 589 S.W.2d 434 (Tex.Crim.App.1979).

Appellant also complains about the admission of evidence regarding his tattoos. On cross-examination at the punishment phase, the State asked appellant about his tattoos. Appellant's counsel objected that the language was prejudicial and should not be admitted. The objection was overruled and two tattoos were asked about. Appellant testified that a tattoo on his left arm said "F___ you." We agree with appellant that such evidence is highly prejudicial. However, we cannot find this to be reversible error because the record fails to disclose if this tattoo was already visible to the jury or disclosed only through questioning by the State. It is the appellant's burden to develop an appellate record which shows reversible error. *Hilliard v. State*, 513 S.W.2d 28 (Tex.Crim.App.1974) (handcuffs in jury's presence). Appellant's fifth ground of error is overruled.

Appellant waived his sixth ground of error during oral submission of the case. In appellant's seventh ground of error, appellant contends the trial court erred when it refused to order the State to disclose the name of a confidential informant. The name of the informant should be disclosed where the informer (1) participated in the offense; (2) was present at the time of the offense or arrest, or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. *Bernard v. State*, 566 S.W.2d 575 (Tex.Crim.App.1978); *Ex parte Turner*, 545 S.W.2d 470 (Tex.Crim.App.1977); *Acosta v. State*, 403 S.W.2d 434 (Tex.Crim.App.1966). In the present case, nothing in the record shows that the informer was involved in the offense or was a material witness. *See Enriquez v. State*, 501 S.W.2d 117 (Tex.Crim.App.1973). Appellant's seventh ground of error is overruled.

Appellant, in his ninth ground of error, contends that he was denied due process essentially because of the cumulated effect of the errors he has raised under other grounds of error. We have found no error in appellant's other asserted grounds. Appellant's ninth ground of error is overruled.

The judgment of the trial court is affirmed.