Affirmed and Memorandum Opinion filed April 29, 2004









Affirmed and Memorandum Opinion filed April 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00874-CR

____________

 

ARMANDO
RODOLFO MONTOYA, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 936,557

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant,
Armando Rodolfo Montoya, of possession of a controlled substance weighing less
than one gram and assessed punishment at seventeen years=
confinement, enhanced by two prior convictions for possession of a controlled
substance.  In two issues, appellant
challenges the legal and factual sufficiency of the evidence.  We affirm.








I.  Factual Background

Harris County Deputy James Henry
was working an extra job at Duster=s
nightclub when a patron informed him that three men were in the bathroom,
apparently Adoing@
cocaine.  Deputy Henry entered the
bathroom, looked under the stall door and saw three people occupying the single
stall.  Using a knife to unlock the stall
door, Deputy Henry opened it and found appellant and two other men inside.  Appellant was standing over the toilet,
angled toward co-defendant, Jesse James Barraza, who stood to the side with the
third man, Hector Olivas.[1]  According to Deputy Henry, when he opened the
stall door, there was sudden movement among the three men; appellant turned and
acted as if he were urinating in the toilet, while Barraza wiped his nose and
made a snorting sound.  After the men
stepped out of the stall, Deputy Henry asked them, Aare you
all snorting dope or are you all gay,@ and one
of them responded, Awell,
dude, we ain=t gay.@  Inside the stall, Deputy Henry found two
small plastic baggies, one was on the ground and the other was in the toilet.[2]  The substance in both baggies tested positive
for cocaine.  Deputy Henry testified that
based upon his experience, these men were Asnorting
cocaine@ and that
appellant had care, custody, and control over the contraband found that
evening.  

Deputy Alberto Rivera transported
the three men and the seized contraband to the police station.  During this time, Barraza stated that the
contraband was not his.  Deputy Rivera
testified that the baggie containing the larger amount of contraband was found
in between Barraza and Olivas and the baggie containing the lesser amount was
found in the toilet.  He further
testified that Deputy Henry had reported seeing appellant throw a baggie into
the toilet.  Two forensic chemists
testified that the baggie found between Barraza and Olivas contained .75 grams
of cocaine and the other baggie contained less than 10 milligrams of cocaine. 








Barraza testified that he entered
the bathroom and was approached by a man who gave him a bail bondsman=s card,
stating that his friends were going to need it. 
Barraza then washed his face at the sink and used a paper towel to dry
his face.  He opened the stall door and
showed appellant and Olivas the bondsman=s card.  As he turned to leave the stallCwhich
Barraza testified was not locked, but slightly ajarCtwo
police officers walked in.  At trial,
Barraza testified that he never saw appellant in possession of the cocaine.

II.  Discussion

Appellant first argues the
evidence is legally insufficient to support his conviction.  Specifically, he contends that the evidence failed to prove
he exercised care, custody, and control over the contraband.  We disagree.

A.  Legal
Sufficiency of the Evidence

In a legal sufficiency challenge, we review the evidence in
the light most favorable to the verdict to determine if any rational fact
finder could have found the essential elements of the crime beyond a reasonable
doubt.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000); McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App. 1997).  This standard is
applied to both direct and circumstantial evidence.  McMillon v. State, 940 S.W.2d 767, 768
(Tex. App.CHouston [14th Dist.] 1997, pet. ref=d). 
In conducting our review, we consider all evidence presented at trial;
however, we do not re‑weigh the evidence or substitute our judgment for
that of the fact finder.  King, 29
S.W.3d at 562; Johnson v. State, 967 S.W.2d 410, 412 (Tex. Crim. App.
1998) (stating appellate courts are not fact-finders and may not reevaluate the
weight and credibility of the record evidence in determining the sufficiency of
evidence).








To establish possession of a controlled substance, the State
must prove the defendant (1) exercised actual care, control, management, or
custody of it, and (2) knew the object he possessed was contraband.  Hyett v. State, 58 S.W.3d 826, 830
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
When a defendant is not in exclusive possession of the contraband, the
defendant can nonetheless be found guilty based upon the law of parties.[3]  See Tex.
Pen. Code Ann. ' 7.02(a)(2) (Vernon 2003). 
However, mere presence at the scene of a crime is insufficient to support
a conviction.  Wooden v. State,
101 S.W.3d 542, 546 (Tex. App.CFort Worth 2003, pet. ref=d). 
The evidence must show that the parties acted together at the time of
the offense, each contributing some part towards the execution of their common
purpose.  Id. Evidence is legally
sufficient to convict under the law of parties when the defendant is physically
present at the commission of the offense and encourages its commission through
acts, words, or other agreement.  Id.  When the contraband is not found on the
accused=s person or is not in the exclusive
possession of the accused, as is the case here, evidence that affirmatively
links the defendant to the offense must be established.  See McMillon, 940 S.W.2d at 768B69. 









Circumstantial evidence may be used to prove possession of
the contraband as long as such evidence affirmatively links the defendant to
the offense so that a reasonable inference can be made the defendant knew of
the contraband=s existence and exercised control
over it.  Hyett, 58 S.W.3d at
830.  Circumstantial evidence relevant to
establish an affirmative link between a defendant and the contraband includes:
(1) whether the contraband was in [a] plain view, [b] conveniently accessible
to the accused, [c] found in an enclosed space; and (2) whether [a]
paraphernalia to use the contraband was in view of or found on the accused, [b]
conduct of the accused indicated consciousness of guilt, [c] affirmative
statements connect the accused to the contraband.[4]  Hurtado v. State, 881 S.W.2d
738, 743 n.1 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d). 
Such affirmative links are established by a totality of the circumstances.  Hyett, 58 S.W.3d at 830; see Sosa
v. State, 845 S.W.2d 479, 483B84 (finding the totality of the
circumstances could lead to the jury reasonably concluding that the defendant
was aware of the contraband and exercised control over it).  

Appellant asserts that discrepancies[5]
in Deputy Henry=s testimony and his report to Deputy Rivera on the date of
the offense support his argument that appellant did not have the requisite
care, custody, and control over the contraband discovered at the scene.  








In viewing the evidence in a light most favorable to the verdict,
we find sufficient evidence establishing affirmative links connecting appellant
to the contraband.  The record shows
Deputy Henry received information from a patron at Duster=s nightclub that three men were using
cocaine in a bathroom stall.  When Deputy
Henry investigated the scene, he found three men standing in a locked
stall.  After Deputy Henry opened the
stall door, appellant immediately turned away from him and pretended he was
urinating.  Deputy Henry testified that
he saw something fall from appellant as he turned toward the toilet.  Barraza, who was also in the stall, began to
rapidly wipe his nose with a paper towel and made a snorting sound.  Deputy Henry observed two plastic baggies
containing cocaine, one on the floor and the other in the toilet.  Deputy Henry testified that based on his
years of experience as a law enforcement officer, he determined the men were Asnorting cocaine.@ 
In addition, Deputy Rivera=s report states that Deputy Henry
told him on the night in question that he had seen appellant Achunk a bag@ of cocaine.  Finally, 
an indirect admission was made when Deputy Henry asked the men whether
they were Asnorting dope@ or were Aall gay@ and one of the men replied, Awell, dude, we ain=t gay.@ 
Because appellant did not testify, the factual affirmative links that
establish control also may be used to show appellant=s knowledge.  Hyett, 58 S.W.3d at 832.  Based on the testimony and evidence
presented, a rational trier of fact could have found the essential elements of
the offense of possession of a controlled substance. 




B.  Factual
Sufficiency of the Evidence

In appellant=s second issue, he argues the evidence is factually
insufficient to support his conviction. 
In reviewing factual sufficiency of the evidence, we view all the
evidence in a neutral light, both for and against the finding.  Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Such evidence
will not be deemed factually insufficient unless (1) it is so weak as to be
clearly wrong and manifestly unjust, or (2) the adverse finding is against the
great weight and preponderance of the available evidence.  Zuliani v. State, 97 S.W.3d 589, 593
(Tex. Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  Even if
we disagree with the
verdict, our factual sufficiency review must be appropriately deferential to
avoid substituting our judgment for that of the fact finder.  Clewis, 922 S.W.2d at 133.  Our evaluation should not intrude
upon the fact-finder=s role as
the sole judge of the weight and credibility given to any
witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).  When
evaluating a factual sufficiency challenge, we must address the evidence
appellant claims is the most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003); Wootton v. State, __ S.W.3d __, 2004 WL
438651, at *6 (Tex. App.CHouston
[14th Dist.] 2004, no pet. h.).  








Here, appellant argues the
following facts do not support the jury=s finding
that he possessed the contraband: (1) he was in the stall to urinate; (2) urine
was found in the toilet; (3) appellant=s
fingerprints were not found on either of the two baggies; and (4) appellant did
not attempt to escape or make gestures indicating he was aiding or abetting a
criminal activity.  It is undisputed that
urine was indeed in the toilet, and nothing in the record establishes that
appellant=s fingerprints were on either
baggie.  However, the other evidence
appellant cites to in support of his factual insufficiency argument conflicts
with probative evidence that appellant had custody, care, and control of the
cocaine.  In instances where there are
inconsistencies in the evidence, due deference must be accorded to the jury=s
determination regarding the weight and credibility of the evidence.  Clewis, 922 S.W.2d at 133.  We cannot sustain a factual-sufficiency challenge
simply because the record contains conflicting evidence upon which the
fact-finder could have reached a different conclusion.  Wootton, 2004 WL 438651, at *6 (citing
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997)).  Only when it is necessary to prevent a
manifest injustice may a reviewing court disagree with the fact finder=s
resolution of conflicting evidence.  Santellan,
939 S.W.2d at 164B65; Wootton,
2004 WL 438651, at *6.  








Based upon the evidence presented
at trial, we cannot conclude the jury=s verdict
was manifestly unjust.  Specifically,
Deputy Henry testified that appellant was pretending to urinate in the toilet
because appellant was originally facing the two other men in the stall and only
turned toward the toilet when Deputy Henry opened the door.  Appellant=s sudden
movement, coupled with the falling or throwing of the baggie into the toilet,
are indicative of furtive gestures that affirmatively link appellant to the
contraband.  Warren v. State, 971
S.W.2d 656, 661 (Tex. App.CDallas
1998, no pet.) (holding that evidence of appellant=s furtive
gestures and proximity to the cocaine was factually and legally sufficient to
support a conviction); Lemons v. State, Nos. 14-93-00408-CR,
14-93-00409-CR, 1995 WL 283832, at *2 (Tex. App.CHouston
[14th Dist.] May 11, 1995, no pet.) (not designated for publication) (holding
evasive action of dropping container when police arrived was some evidence to
show possession of cocaine).  We do not
find any evidence in the record that greatly outweighs the evidence supporting
the jury=s
verdict.  Accordingly, the jury=s
decision was not so contrary to the weight of the evidence as to be clearly
wrong or manifestly unjust.  Therefore,
we conclude the evidence is factually sufficient to support appellant=s
conviction and overrule appellant=s second
issue.[6]  

Having overruled appellant=s two
issues, we affirm the trial court=s
judgment.  

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed April 29, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Olivas was not
prosecuted by the State for any offense. 





[2]  There was also
urine in the toilet.  





[3]  Here, two
baggies containing cocaine were found in a tight, enclosed areaCthe toilet stallCwhere
appellant was standing.  Accordingly, the
jury charge included instructions authorizing appellant=s conviction based on the law of parties under section
7.02(a)(2) of the Texas Penal Code, which provides:

 

(a) A person is criminally responsible for an offense
committed by the conduct of another if: . . .

(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person commit the offense; 
. . . .

Tex. Pen. Code Ann. ' 7.02(a)(2). 





[4]  This list is
not exhaustive and the number of factors is not as important as the degree to
which they, alone or together, tend to affirmatively link the accused to the
contraband.  Hurtado v. State, 881
S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  Other
factors include whether: (1) the contraband was in a place owned by the
accused, or in a vehicle driven by the accused, and whether the odor of the
contraband was present, (2) the accused had a special relationship to the
contraband, (3) the occupants of the place in question gave conflicting
statements about relevant issues, or (4) the physical condition of the accused
indicated recent consumption of the contraband. 
Id. at n.1.  





[5]  The
discrepancies pertain to whether Henry saw appellant throw something into the
toilet and the amount of cocaine found in the two baggies at the scene.  Although Henry testified that the larger
amount of cocaine was found in the baggie in the toilet, the report Rivera
produced and the testimony of the forensic chemists support the opposite
conclusion. 





[6]  Appellant=s reliance upon our sister court=s decision in Berryhill v. State,
630 S.W.2d 812  (Tex. App.CHouston [1st Dist.] 1982, no pet.)
to support his contention that the evidence presented at trial was factually
insufficient to support the jury=s verdict is without merit. 
The Berryhill decision is distinguishable from this case.  Specifically, Berryhill was decided
under a standard of review that required the State=s proof to exclude all other
equally rational hypotheses except that of appellant=s guilt, which was more favorable
to defendants.  See Berryhill, 630
S.W.2d at 815.  The State is no longer
required to negate all reasonable hypotheses inconsistent with guilt in order
for evidence to be considered sufficient. 
See Geesa v. State, 820 S.W.2d 154, 159B61 (Tex. Crim. App. 1991).