OPINION HEADING PER CUR 






                     NO. 12-03-00145-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


TOMMY WAYNE JACKSON,                           §     APPEAL FROM THE SECOND
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     CHEROKEE COUNTY, TEXAS





MEMORANDUM OPINION
            Tommy Wayne Jackson (“Appellant”) appeals his conviction for manufacture of a controlled
substance, methamphetamine. In one issue, Appellant contends that the evidence was insufficient
to convict him of manufacturing methamphetamine. We affirm.

Background
            On June 11, 2001, pursuant to a valid search warrant, the duplex apartment at number 11
Manor Loop Drive, Wells, Texas (hereinafter “the apartment”) was searched by law enforcement.
Sergeant Shelby Green (“Green”) of the Anderson County Sheriff’s Department, while assigned to
the Dogwood Trails Narcotic Task Force, led the search of the apartment. Appellant was the sole
occupant of the apartment at the time of the two-hour search beginning at 5:40 p.m. During the
search, the officers found a coffee filter containing 1.23 grams of methamphetamine in a bedroom
where Appellant’s wallet and clothes were located. In the wallet, along with Appellant’s driver’s
license and social security card, the officers found a receipt from Industrial Chemical and Scientific,
Inc. in Houston for the purchase of red phosphorus three days earlier. Red phosphorus is a precursor
chemical in the manufacture of methamphetamine. 
            Also found in the wallet was a receipt from O’Reilly Auto Parts for the purchase of acetone,
which is used to manufacture methamphetamine. Additionally, the wallet contained receipts for the
purchase of pseudoephedrine from H.E.B. and three receipts from Wal-Mart for various cold
medications. All of these items are important ingredients in the making of methamphetamine. All
of the receipts were dated near June 11, 2001. 
            In the kitchen of the apartment, the officers found a clear hose with a drinking straw taped
to one end. Tubing is important throughout the manufacturing of methamphetamine. Also, red devil
lye, which is used to cook the methamphetamine, was found in the kitchen. Further, the officers
found a heating mantle and a butane torch, which are commonly used to heat methamphetamine. 
Additionally, a number of coffee filters, which are used in the methamphetamine manufacturing
process, were found in the kitchen. The officers found narcotics paraphernalia used to ingest
methamphetamine, including a pipe shaped in the form of a lightbulb. 
            Appellant was indicted for both possession of methamphetamine (between 1 and 4 grams)
and the manufacture of methamphetamine. After the jury found him guilty on both counts, he was
sentenced to ten years of imprisonment for possession of methamphetamine and thirty years for the
manufacture of methamphetamine. Appellant has not contested his conviction for possession of
methamphetamine and therefore it is not a part of this appeal. However, Appellant timely filed an
appeal of his conviction for manufacture of methamphetamine.

Evidentiary Sufficiency
            In his sole issue, Appellant argues that the evidence is insufficient to convict him of the
manufacture of methamphetamine. The State disagrees and contends there is sufficient affirmative
evidence to allow a rational jury to determine that Appellant was guilty of the offense. 
Standard of Review 
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, no pet.) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2787-88, 61 L. Ed. 2d 560 (1979)). The standard of review is whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence
is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789;
LaCour, 8 S.W.3d at 671. The conviction will be sustained “unless it is found to be irrational or
unsupported by more than a ‘mere modicum’ of the evidence.” Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury’s
domain. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
            If the reviewing court determines that the evidence is legally sufficient to support the verdict,
the court then proceeds with a review of the factual sufficiency of the evidence. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). In reviewing the factual sufficiency of the evidence, a
court examines all the evidence “without the prism of ‘in the light most favorable to the
prosecution.’ . . . [and] sets aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust.” Id. at 134. The court determines whether a neutral
review of all the evidence, both for and against the verdict, establishes that the proof of guilt is so
manifestly weak as to undermine faith in the jury’s resolution, or the proof of guilt, although
sufficient if taken alone, is greatly offset by conflicting proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).
            The reviewing court should exercise proper deference to the fact finder’s conclusions, and
should avoid substituting its judgment for that of the fact finder absent facts which establish that the
verdict is wrong or manifestly unjust, or against the great weight and preponderance of the available
evidence. Id. at 7. Any examination of the evidence should not substantially infringe upon the fact
finder’s role as the exclusive judge of the weight and credibility given to witness testimony. Id.;
Clewis, 922 S.W.2d at 133. A wrong or unjust verdict is one that is “manifestly unjust,” or “shocks
the conscience,” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d 155, 165 (Tex.
Crim. App. 1997). The reviewing court examines all of the evidence in the record pertaining to the
factual sufficiency challenge, not just evidence confirming the verdict. Id. at 164. Where supported
by the record, a reviewing court defers to a jury’s determination on any conflicting evidence that
depends upon an evaluation of the demeanor and credibility of the witnesses due to the jury’s
opportunity to observe that testimony, as opposed to a reviewing court’s limitation to the cold
transcript of the witnesses’ testimony. Johnson, 23 S.W.3d at 8; Van Zandt v. State, 932 S.W.2d
88, 96 (Tex. App.–El Paso 1996, pet. ref’d).
            In a criminal conviction, sufficiency of the evidence is determined by the elements of the
crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). The correct charge “would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense
for which the defendant was tried.” Id.
Elements of the Offense
            Methamphetamine is a controlled substance. See Tex. Health & Safety Code Ann.
§ 481.115(e) (Vernon 2003). The Texas Health and Safety Code provides that “Manufacture” 
 
means the production, preparation, propagation, compounding, conversion, or processing of a
controlled substance other than marihuana, directly or indirectly by extraction from substances of
natural origin, independently by means of chemical synthesis, or by a combination of extraction and
chemical synthesis, and includes the packaging or repackaging of the substance or labeling or
relabeling of its container. 
 
Tex. Health & Safety Code Ann. § 481.002(25) (Vernon Supp. 2004). Evidence that shows any
of the procedures listed in this section is sufficient to support a conviction for the manufacture of a
controlled substance. Green v. State, 930 S.W.2d 655, 657 (Tex. App.–Fort Worth 1996, pet. ref’d). 
Circumstances tending to prove guilt, when combined with other facts, are sufficient to show that
the accused was a participant in the manufacture of methamphetamine. See id. 
Analysis
            Appellant conceded that he had purchased all of the items shown on the receipts in his wallet
and used in combination to manufacture methamphetamine. He further testified that he had
purchased the red phosphorus on a trip to Houston with Jackie Redd (“Redd”), who had driven him
there. He testified that Redd was a known methamphetamine cook. He further testified that he,
Thomas Ray Jackson, who is his son, and Redd had hidden these ingredients in the woods near his
mother’s place in Angelina County. Redd added testimony that the three of them had gone into the
woods carrying a cooler packed with these ingredients to make a batch of methamphetamine early
on the morning of June 11. He stated that they had been spooked by possibly being discovered so
they hid the cooler around 4:00 a.m. rather than going forward with the manufacturing process.
            Appellant testified that he was a user of methamphetamine, but that he did not actually cook
it. He testified that he did obtain items for Redd and his girlfriend, Kathy Allen, also a
methamphetamine cook. He testified that he would supply both of them raw materials and that he
would then receive a finished product from them. Redd testified that Appellant directed him in the
cooking of methamphetamine. Redd further stated that everything he had learned about cooking
methamphetamine, he had learned from Appellant. These circumstances tend to prove that
Appellant was involved in the preparation of the manufacture of methamphetamine, whether or not
he actually did the cooking. Viewing the evidence in the light most favorable to the jury’s verdict,
we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant
was involved in the of the manufacture of methamphetamine. 
            Having determined that the evidence is legally sufficient to support the verdict, we address
factual sufficiency. We must conduct a neutral review of all of the evidence in our evaluation of
factual sufficiency. Johnson, 23 S.W.3d at 11. In conducting our review, we note that Appellant
stated that he was not in sole possession of the apartment where he was found with the receipts for
the ingredients used to cook methamphetamine and the other paraphernalia used in its manufacture
and use. In fact, Appellant’s brother, David Jones, actually rented the apartment in his name. 
Further, Appellant testified that a Zachary Dover, also known as Zachary Shoemaker, had access to
the apartment. He further contends that there was nothing showing that methamphetamine was
actually cooked from the ingredients which he had purchased. This evidence is favorable to
Appellant. However, in reviewing the entire record, both for and against the jury’s verdict, we do
not find that proof of Appellant’s guilt is so manifestly weak as to undermine faith in the jury’s
resolution, or that the proof of guilt, although sufficient if taken alone, is greatly offset by conflicting
proof. 
            Further, Appellant contends that his case is similar to the cases of Chapin v. State, 671
S.W.2d 608 (Tex. App.–Houston [1st Dist.] 1984, no pet.) and Berryhill v. State, 630 S.W.2d 812
(Tex. App.–Houston [1st Dist.] 1982, no pet.) where the court found that the evidence was
insufficient to support a conviction for the manufacture of methamphetamine. We have carefully
reviewed both of those cases and find them distinguishable from the facts in this case. In Chapin
there was no specific proof which connected the appellant to any of the paraphernalia or chemicals
used in the manufacture of methamphetamine. Chapin, 671 S.W.2d at 611. In the case before us,
Appellant conceded that he had purchased all of the items which were to be used in cooking
methamphetamine. In Berryhill, there was nothing to show that the appellant was aiding or
encouraging the manufacture of methamphetamine. Berryhill, 630 S.W.2d at 814. That is
distinguishable from this case as the evidence clearly showed that Appellant was both aiding and
encouraging the manufacture of methamphetamine which he would eventually use. Appellant’s sole
issue is overruled. 

Conclusion
            Based upon our review of the record, we conclude that the evidence is both legally and
factually sufficient to support the jury’s verdict that Appellant was guilty of manufacture of a
controlled substance, methamphetamine. Accordingly, the judgment of the trial court is affirmed.


                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 2, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.








(DO NOT PUBLISH)