COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| TRACY DIRK WADE, | § | No. 08-14-00117-CR |
| Appellant, | § | Appeal from |
| | § | |
| v. | § | 90th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Young County, Texas |
| | § | |
| Appellee. | § | (TC # 09700) |
| | § | |

## O P I N I O N

Tracy Dirk Wade appeals his conviction for manufacturing four grams or more but less than 200 grams of methamphetamine based on the sufficiency of the evidence. A jury found Appellant guilty and assessed his punishment at imprisonment for a term of sixty-five years. We affirm.

## FACTUAL SUMMARY

Garret Ritter, a DPS agent in Olney, Texas had been receiving reports as of December 2009 that Appellant was involved in illegal drug activity. Ritter began driving by 402 W. Payne, which he knew to be the Appellant's home because Appellant's name was on the water bill. Ritter testified that he saw an unusual number of vehicles outside the home at varying hours around the clock and that he smelled a strong chemical odor associated with the manufacturing of methamphetamine coming from the house. Ritter contacted James Blake from the Wichita

Falls criminal investigation division of the Department of Public Safety and informed him of the circumstances.

Blake inspected the trash outside of the 402 W. Payne residence and found lithium batteries and large quantities of pseudoephedrine. Blake testified that the pseudoephedrine combined with the lithium batteries provided a clue pointing to the manufacture of methamphetamine. Based on this information, Blake got a search warrant on January 19, 2010. Blake executed the search and smelled a strong chemical odor of anhydrous ammonia inside the house. Anhydrous ammonia is a primary ingredient in methamphetamine. Appellant was the only individual in the house when Blake searched it. Blake and other officers found coffee grinders, cameras and monitors, a list of police radio frequencies, and drug gear in a jeep parked outside, all of which point to the manufacture of methamphetamine. The officers also found Wade's wallet containing $1,980 in cash near the desk housing the surveillance equipment. The officers found a large amount of methamphetamine in and around the home, including some in the process of being manufactured. The jury found Appellant guilty of manufacturing methamphetamine and sentenced him to sixty-five years in the Texas Department of Criminal Justice, Institutional Division.

**SUFFICIENCY OF THE EVIDENCE**

Appellant challenges the sufficiency of the evidence to support his conviction because the State failed to link him to the place of manufacturing or to the actual act of manufacturing.

*Standard of Review*

When reviewing the sufficiency of evidence to determine whether the State proved the necessary elements of an offense beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895-96 (Tex.Crim.App. 2010). Under this standard,

the reviewing court is required to defer to a jury's credibility and weight determinations. *Id.* at 894. When the record supports conflicting inferences, we must presume the jury resolved the conflicts in favor of the verdict and defer to that determination. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Our task is to determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010).

Circumstantial evidence is as probative as direct evidence and the standard of review is the same for both circumstantial and direct evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). A lack of direct evidence is not dispositive on the issue of the defendant's guilt; circumstantial evidence on its own can establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). However, a conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Martin v. State*, 727 S.W.2d 820 (Tex.App.--Fort Worth 1987, no pet.).

*Manufacture of a Controlled Substance*

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009). To prove the offense, the State had to show that Appellant knowingly manufactured methamphetamine in the amount of four grams or more but less than 200 grams. *See* TEX.HEALTH&SAFETY CODE ANN. § 481.002(25)(West Supp. 2015) (defining "Manufacture"); TEX.HEALTH&SAFETY CODE ANN. § 481.102(6)(West 2010)(listing methamphetamine as controlled substance in Penalty Group 1); TEX.HEALTH & SAFETY CODE ANN. § 481.112(a)(providing for the offense of manufacture of a controlled substance listed in

Penalty Group 1); TEX.HEALTH&SAFETY CODE ANN. § 481.112(d)(providing that manufacture of an amount of the controlled substance of four grams or more but less than 200 grams is a first-degree felony).

To obtain a conviction for the manufacture of a controlled substance, the State must link the defendant either to an interest in the place where the manufacturing occurred or to the actual act of manufacturing. *Webb v. State*, 275 S.W.3d 22, 27 (Tex.App.--San Antonio 2008, no pet.). A link to manufacturing exists when there is "evidence of possession of a drug lab on one's premises combined with evidence that the lab has been used on the premises to manufacture the drug alleged, and in circumstances where the presence of the lab, because of its open location or odor or both, is shown to have been known to the defendant." *Id.* The purpose of the linkage requirement is to protect the innocent bystander who merely inadvertently happens onto a methamphetamine lab. *Isham v. State*, 258 S.W.3d 244, 248 (Tex.App.--Eastland 2008, pet. ref'd). When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005). Texas Courts have identified the following factors as possible facts and circumstances to link an accused to a controlled substance:

(1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the

- 4 -

conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex.Crim.App. 2006). It is not the presence or absence of any one factor that is dispositive, but rather the logical force of all the evidence. *Id.*

*Application of Law to Facts*

Appellant argues the evidence is insufficient to link him with the manufacture of methamphetamine because other people resided in the house and because no drug paraphernalia was found in his bedroom. The jury rejected this theory at trial. The question on appeal is, when the evidence is viewed in a light most favorable to the verdict, whether a rational fact finder could have found beyond a reasonable doubt that Appellant was linked to the house where the manufacturing was taking place.

When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Poindexter*, 153 S.W.3d at 406. Here, both sides agree that Appellant was not the only person using the house.

But there are additional facts and circumstances that link Appellant to the home. Appellant's name was on the water bill at 402 West Payne. Appellant was present in the house when the search took place, , there was strong odor throughout the whole house when search took place, Appellant's wallet containing a large amount of cash was found in the house, and methamphetamine was found and being manufactured when the search was executed.

Appellant's case is factually similar to *Parker v. State*, 713 S.W.2d 386, 388 (Tex.App.-- Corpus Christi 1986, no pet.). Parker was found guilty of manufacturing methamphetamine. *Id.* at 387. Like Appellant here, Parker's name was on the utility bill, Parker was present when the police executed the search, methamphetamine was found in a reaction state when the search was

executed, and there was a distinctive odor throughout the house. *Id.* at 387-89. The court found the evidence sufficient and affirmed Parker's conviction. *Id.* at 391.

We conclude that the evidence, when taken in the light most favorable to the verdict, showed that Appellant was not an innocent bystander at the methamphetamine lab. The evidence links the Appellant to an interest in the place where the manufacturing was occurring and is legally sufficient to establish beyond a reasonable doubt that he knowingly manufactured methamphetamine in the amount of four grams or more but less than 200 grams. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

December 15, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)